Peter Swint and J. E. Swint, to use of J. E. Swint, Appellants, *v.* The McCalmont Oil Company.

*Lease—Action for rent—Evidence.*

Where a father and son sign a lease for property the title of which is in the father alone, who received and receipted for the rent, the lessees may, in an action by the son for a share of the rent, show the circumstances under which the son signed the lease with his father, not to deny the landlord's title, but to show that the son was not a landlord, so that that effect may be given to the execution of the lease by the son which was in contemplation at the time.

*Tenants in common—Payment of rental to cotenants jointly—Lease.*

Where cotenants join in a lease reserving a common rent payable to the lessors jointly, either of them may receive and give a valid receipt for the entire rent, until notice by one or more of the cotenants that his share must be paid to himself.

Where there is a joint lease by two tenants in common for an entire rental, and neither tenant in common has given notice to the lessee to pay his share of the rent to himself, an assignment by one of the tenants in common to a stranger of all his interest in the rental does not cause an apportionment of the rent, or affect in the slightest degree the rights or remedies of the other tenant in common.

Argued Nov. 2, 1897. Appeal, No. 154, Oct. T., 1897, by plaintiffs, from judgment of C. P. No. 1, Allegheny County,

June T., 1895, No. 706, on verdict for defendant. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for rentals under an oil lease.
The facts appear by the opinion of the Supreme Court.
The court gave binding instruction for defendant.
Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendant.

*J. L. Ritchey*, with him *James T. Buchanan*, for appellants. —The evidence of defendant is not sufficient to vary or alter the terms of the written leases under seal upon which the plaintiffs' claim is founded, or, in other words, to reform said leases so as to show that J. E. Swint did not sign said leases as a lessor, but in some other capacity. There is no allegation of fraud, accident or mistake, in the making or execution of said leases: Phillips v. Meily, 106 Pa. 536; Hall v. Phillips, 164 Pa. 494; Liggett v. Shira, 159 Pa. 350; Sanders v. Sharp, 153 Pa. 555; North v. Williams, 120 Pa. 109.

*A. Leo Weil*, with him *Chas. M. Thorp*, for appellee.—The direction of a verdict for defendant was right, because there was no competent evidence to go to the jury of any right or title of plaintiffs to the oil in controversy: Gleim v. Rise, 6 Watts, 44; Heckart v. McKee, 5 Watts, 385; Smith v. Crosland, 106 Pa. 413; Mohan v. Butler, 112 Pa. 590; Hamilton v. Marsden, 6 Binney, 45; Miller v. McBrier, 14 Serg. & Rawle, 382; Hockenbury v. Snyder, 2 Watts & Serg. 240; Brown v. Dysinger, 1 Rawle, 408; Robins v. Kitchen, 8 Watts, 390; Baskin v. Seechrist, 6 Pa. 154; Thayer v. Society of United Brethren, 20 Pa. 60; Mays v. Dwight, 82 Pa. 462; Jackson & Gross on Landlord and Tenant, 336; Berridge v. Glassey, 20 W. N. C. 50; Russell v. Erwin, 41 Ala. 292; Bank of Penna. v. Strawbridge, 11 Haz. Pa. Reg. 237; Miller v. Stem, 2 Pa. 286; Kendall v. Milligan, 34 S. W. 78.

The whole rent under the joint lease of plaintiffs and Peter Swint having been paid to Peter Swint, without notice from

plaintiffs to lessee that it should pay any portion thereof to him, such payment is a full discharge of the claims of both: Freeman on Cotenancy and Part., sec. 177; Decker v. Livingston, 15 John. Rep. 478; Sherman v. Ballou, 8 Cow. 484; Griffin v. Clark, 33 Barb. 46; Wallace v. McLaren, 1 Man. & Ryl. 516; Husband v. Davis, 10 Com. Bench, 645; 1 Woods on Landlord & Tenant, 173; Wall v. Hinds, 4 Gray, 256; Bowes v. Seeger, 8 W. & S. 222.

Plaintiffs could not maintain an action for one half the oil, even against his cotenant, who received the whole royalty—his cotenant being only liable to account for plaintiffs' share of the profits, he could establish no claim against defendant in this action of assumpsit until after he had ascertained, by an account between himself and his cotenant, the amount, if any, due to him: Enterprise Oil Co. v. Transit Co., 172 Pa. 421.

*J. L. Ritchey*, with him *James T. Buchanan*, for appellants in reply.—The rent was apportioned: 3 Kent's Com. *469; Crosby v. Loop, 13 Ill. 627; Van Rensselaer's Ex. v. Gallup, 5 Denio, 454; 1 Taylor on Landlord and Tenant, sec. 385; Ryerson v. Quackenbush, 2 Dutch. (N. J.) 236; Ards v. Watkin, 1 Croke, 637; Bliss v. Collins, 5 B. & A. 276; Roberts v. Snell, 1 Man. & G. 577; Farley v. Craig, 6 Halst. 262; Gilbert on Rents, 173; Bank of Penna. v. Wise, 3 Watts, 404; Wotton v. Shirt, 1 Croke, 742; Reed v. Ward, 22 Pa. 149; Linton v. Hart, 25 Pa. 193; Fennell v. Guffey, 155 Pa. 38; Williams v. Short, 155 Pa. 480.

OPINION BY Mr. JUSTICE WILLIAMS, January 3, 1898:

Peter Swint was the owner in fee simple of a farm in Allegheny county, containing about one hundred and twenty acres. J. E. Swint was his son. In 1885 he was of full age and living with his father on the farm. It is alleged by him that he was associated with his father in the cultivation of the soil under some sort of verbal agreement; but no distinct contract between them is shown. In 1885 Peter Swint made a lease for oil purposes of part of his farm to Hunter. Two years later he leased the whole farm, subject to the prior lease of Hunter to H. H. Locke. For some reason not distinctly shown by the evidence J. E. Swint, the son, was joined with his father as a colessor in both

leases. The royalty reserved in the leases was one eighth part of the oil produced, which was to be delivered to the lessor in the pipe lines of the company transporting the oil from the wells. It appeared that the lessees delivered the oil in the pipe line for the royalty to the lessors, and that the father, the owner of the land, and his vendees after him have taken possession of the entire one eighth of the oil so delivered as royalty and receipted to the lessees therefor. It further appears that J. E. Swint gave no notice, prior to the bringing of this suit of his claim to have one half of the royalty paid to him, or of any objection on his part to the payment of the whole royalty to his colessor.

In this action he now seeks to recover one half of the royalties, regardless of the fact that they have been paid to the holder of his father's title, and without objection on his part. The first question arising upon these facts is, may the lessee show the circumstances under which the plaintiff signed the leases as a reply to his demand for one half of the rent reserved? This would not amount to a denial of the landlord's title, but to a denial that, as to the son, the lease created that relation. If he signed as a subscribing witness, but put his name in the wrong place, if he signed to show that his father, who was old and infirm, had not been misled by the lessee, but had understood the nature and extent of the contract, or if he signed as the result of any mistake as to the necessity or effect of his signature accompanying that of his father, there could be no good reason why the fact should not be known, and the effect given to the execution of the leases by him which was in contemplation at the time. If the lessees did not deal with him as a party in interest they are not estopped, by his or their mistake, from showing the truth. On the other hand, if they treated him as interested in the surface to such an extent as to render his consent to the lease necessary, and joined him as a colessor for that reason, they would fall under the rule which he invokes, and would not be allowed to deny his title. The question about the division of the rent would then be for the colessors to settle between themselves, and it would not interest the lessees until after notice from one or both of the joint claimants demanding a specific part of the rent which had been jointly reserved. But if we assume that the lease was intended to be joint, not-

withstanding the fact that no interest in the farm is shown in the son, and that the father intended to share the royalties with him, although the title was in himself alone, we come to the next question, viz : what and against whom is the remedy of the son upon the facts before us ?  The royalties reserved are payable to the colessors jointly.  All the royalties accrued up till the time this suit was brought had been paid to the father or his assigns with the knowledge of the son, and without protest or notice of his individual claim from him.  One tenant in common cannot make a valid lease of the common property without the consent of his cotenants.  He can dispose only of his own undivided share.  If, however, the cotenants join in a lease reserving a common rent payable to the lessors jointly, either of them may receive and give a valid receipt for the entire rent until notice by one or more of the cotenants that his share must be paid to himself: Wood on Landlord and Tenant, 125.   So upon such a lease the tenants in common may join in one action or in one distress for rent: Jones v. Gundrim, 3 W. & S. 531. This was the rule of the common law.   Littleton gives it thus : " If two tenants in common make a lease of their tenement to one for a term of years reserving rent, and the rent be in arrears, the tenants in common shall have an action of debt against the lessee and not diverse actions, for that action lies in the personalty : " Litt. sec. 316.   In Powis v. Smith, 5 Barn. & Ald. 851, the rule is stated in these words : " It is clear that if there be a joint lease by two tenants in common  the two may join in an action for rent ; but if there be a separate reservation to each then there must be separate actions."   When there has been a joint reservation of rent, and rent has been paid without objection to one of the persons jointly entitled to receive it, the demand for rent is satisfied.   Its division among those entitled as between themselves to share in it must be settled by some appropriate action to secure an account from the party actually receiving it.   This in the case of two persons jointly entitled to receive the rent, may be account render and under some circumstances assumpsit: Gillis v. McKinney, 6 W. & S. 78. Since the demand made by this action the questions just considered will have no place.   The plaintiff is in the position of demanding one half of the rent or royalty reserved and requiring its payment to him.   The receipt of his colessor will there-

fore bind him no longer; but if he is legally entitled to share in the rent he must be separately dealt with in its payment. This question cannot be settled on this record. It is suggested that the assignment by the father of his interest in the royalties amounted to a severance upon which the rent was apportioned as matter of law, so that the plaintiff had a right to recover one half of the rent notwithstanding the payment of them to the colessor or his assigns. But we do not see that there is room for the doctrine of apportionment in this case. " Apportionment is defined as a division or partition of a rent or common, or a making of it into parts." This may be by the act of the law or the act of the parties. If freehold and leasehold premises are demised at an entire rent, upon the death of the lessor the rent must be apportioned as matter of law, since the freehold goes to his heirs and the leasehold to his personal representatives. If the lessor of premises demised at an entire rent sells a portion of the demised premises to another, an apportionment is made necessary by the act of the lessor. But under the evidence in this case there was no division of the rent into parts as a result of the transfer by the father of all his right and interest in the royalties reserved to another. This transfer did not affect the son. It did not part the rent. The assignee became a tenant in common in the rent with the son, just exactly as the father had been before the assignment was made. There was no severance of the demised premises. The relation of the lessees to the lessors was not changed, there was therefore no reason in law and none arising from the act of the parties for an apportionment of the rent in this case. If the father had sold a part of the reversion to a stranger, his right to an apportionment of rent would have attached the instant the sale was made to him: Linton v. Hart, 25 Pa. 193, and the landlord who thus sells part of the demised premises to another will not be liable for the trespasses of his vendee, nor forfeit his right to his share of the rent because of an ouster of the tenant by his vendee from such part of the demised premises as passed to the vendee: Reed v. Ward, 22 Pa. 144. This is because after the apportionment the respective rights of vendor and vendee are separate and distinct. In the case before us the reversion was not divided; the leasehold was not divided; the right of neither of the colessors was divided. There was there-

fore no party in a position to claim an apportionment of the rent, and the allotment of any specific portion thereof to himself, and for that reason the doctrine of apportionment has no place in this controversy. The lease, in the best view of it for the plaintiff, is a joint lease by the tenants in common for an entire rent. Either of the colessors could assign his interest in the lease without affecting in the slightest degree the rights or remedies of the other.

The judgment is affirmed.