## Burg v. Karwan et ux.

*Adolph Zemon*, for plaintiff.
*David B. Campbell*, for defendants.

GIBSON, P. J., March 27, 1944.—Plaintiff brought suit against defendants before a justice of the peace, claiming to recover rent in the sum of $247.50, and recovered a judgment for that amount. An appeal was taken by defendants and plaintiff, as required, filed his statement of claim. He sets forth that on December 7, 1940, he and his sister, Dorothy Burg, were the owners of certain real estate which was occupied by defendants, husband and wife, through December 15, 1941, a period of nine months, "without paying rent for the use and occupancy of the said premises"; that plaintiff had demanded rent at the rate of $27.50 per month and defendants had failed to pay.

On behalf of defendants, a statutory demurrer was filed under section 20 of the Practice Act of May 14, 1915, P. L. 483, making two claims: First, the statement is insufficient because Dorothy Burg, one of the co-owners, is not joined as a plaintiff, and second, that Sophia Karwan was improperly joined as a defendant, it not having been alleged that she made any specific promise to pay the rent.

The Practice Act of May 14, 1915, P. L. 483, by section 3, abolished pleas in abatement and directed that such defenses previously raised by this plea should be made in the affidavit of defense. Section 4 of this act also provided that demurrers were abolished and "ques-

tions of law heretofore raised by demurrer shall be raised in the affidavit of defense as provided in section 20". Section 20 of the act provided that defendant may raise any question of law without answering the averments of fact in the statement of claim.

The first question arises as to whether or not defendants, in lieu of a plea of abatement, should have raised his questions in an affidavit of defense to the merits, or are the questions he raises questions of law which may be raised in the manner indicated in section 20 of the act? The lower courts are not in harmony on this question. In Wright et al. v. Steward, 14 D. & C. 712, the court there held that the question of misjoinder of parties plaintiff must be objected to by an affidavit of defense under section 3 of the Practice Act; and in Livingston v. Aaronson, 48 Pa. C. C. 54, the court held likewise. To the contrary, in Dahlstrom v. Taylor, 7 D. & C. 604, the court held that a failure to join the proper defendants raised a question of law which would be properly considered under section 20 of the Practice Act, and in McGovern v. Getter et al., 16 D. & C. 536, the court held that the improper joining of defendants raised a question of law.

We are inclined to the opinion that where proper parties are not joined as plaintiffs—and as the case stands there could not be a recovery, and this appears from the statement of claim—the question is one of law and can be properly disposed of in this proceeding.

The statement of claim shows a joint ownership of the real estate for the occupancy of which plaintiff seeks to recover. If the owners had made a lease reserving rent, the claim must necessarily have been a joint one for one tenant in common cannot make a valid lease of the common property without the consent of his co-tenant, and if the co-tenant joins in a lease reserving rent payable to the lessors jointly, either of them may receive and give the receipt for the entire

rent until notice by one or more that the rent must be paid to him. So the co-tenants must join in one action or in one distress for rent and cannot have divers actions: Swint v. McCalmont Oil Co., 184 Pa. 202.

If the occupancy of the premises is a wrongful one, then the precise wrong is done to each of the co-tenants and neither could recover for the injury done to his undivided portion. If the occupancy be by sufferance or the tort be waived, and the proceeding be, as here, under an implied contract that the tenants will pay reasonable compensation for their occupancy, then it appears to us the same rule applies as though a lease had been made by the co-owners with the occupants.

In A. L. I. Restatement of Contracts, sec. 128, it is stated:

"(1) If a promise in a contract is made to several persons, the intention of the promisor as expressed in the contract determines whether the right thereby created is joint or whether rights are created which are several or are joint and several.

"(2) If no intention is expressed in such a promise, the rights are several if the interests of the obligees in the performance of the promise are distinct; but if their interests in its performance are joint, or if any of the obligees has neither a separate nor a joint interest in the performance, the right is joint."

In 2 Standard Pa. Practice 356, §45, it is stated:

"The general rule, which is in force in Pennsylvania, is that where there are several parties jointly interested in a contract—that is, where the contract is a joint one—all joint contractees, who are living, not only may join as plaintiffs, as above stated, but they must all join as plaintiffs where action is brought to enforce the contract or rights arising out of it. Separate actions are not maintainable by the individual obligees. The underlying reason of the rule is that the plaintiff suing is not entitled to the whole recovery

and knows who is joined in interest with him." We think this fairly states the rule applicable in this case and that the decisions support this statement.

It is clear in this case, under plaintiff's statement, that if defendants are obliged to pay, they owe plaintiff and his sister, Dorothy Burg, tne amount chargeable for use and occupation of the premises. They do not owe it to either one of them, but owe it to both. Plaintiff has brought suit for the entire amount. If there was a severance he is not entitled to this amount and he knows who is jointly interested with him. A severance under such circumstances should not be permitted, thereby enabling each to bring a separate suit; furthermore, a recovery by one may bar a recovery by the other.

It has been said that one obstinate tenant should not be permitted to prevent his co-tenant from collecting the rent or at least the share due the one who brings the suit. It is not necessary that he be barred. Under Pa. R. C. P. 2227: "(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

"(b) If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder."

Under the Act of May 4, 1852, P. L. 574, 12 PS §533, amendments may be permitted by changing or adding the name or names of any party plaintiff or defendant whenever it shall appear that a mistake or omission has been made in the names of such parties.

We think that under the circumstances here plaintiff has the right to proceed for his recovery, that he clearly has the right to use the name of Dorothy Burg as a plaintiff in the suit, that under the act above referred to permitting amendments, he may, at the present stage of the proceeding, amend by adding

her name as a plaintiff, and that the right to recover being a joint one, he cannot proceed otherwise.

The second question does not arise in this case. The statement of claim might have been more complete, but the question involved here is not whether the statement is so clear both in form and specification as to entitle plaintiff to proceed to trial against Sophia Karwan, one of the defendants, without amending, but the question is whether, upon the facts averred, it shows as a question of law that plaintiff is not entitled to recover: Rhodes v. Terheyden et al., 272 Pa. 397. Nothing appears in the statement of claim to show that plaintiff is not entitled to recover against Sophia Karwan, and on the second reason the statutory demurrer cannot be sustained. That question can be raised in the affidavit of defense filed to the merits.

And now, March 27, 1944, the statutory demurrer filed by defendants is sustained, for the reason that plaintiff has not joined in his suit Dorothy Burg, the co-owner of the property upon which the claim for use and occupancy is based, with leave to plaintiff to amend his statement of claim as above indicated. The other reasons alleged in the statutory demurrer are overruled.