## Moderwell *versus* Mullison.

1. When real estate is brought into a partnership it is treated as personal estate, and a lease of it by one partner in his own name enures to the benefit of the firm.

2. In a suit by one who had been a tenant to recover from the defendant an amount of rent alleged to have been illegally obtained from him, the tenant offered evidence tending to show that the lease from the defendant was a lease from *the firm* and not from the defendant in his exclusive right: *Held*, that it was not a proper objection to such evidence that it tended to impeach the title of his landlord. The evidence was not liable to rejection on the assumption of the fact in dispute.

ERROR to the Common Pleas of *Lancaster county*.

This was an action of *assumpsit* by A. P. Moderwell *v.* Reuben Mullison to recover above $40 which had been paid by him under the pressure of a levy under a landlord's warrant issued by Mullison against Moderwell, under which a levy had been made on certain personal property of Moderwell. On 10th March, 1849, a written lease was made to Moderwell of a coalyard in Columbia, for one year from 15th March, 1849, at a rent of $175, payable in half-yearly payments. The lease was not set out in the paper-book, but it was stated by Collins that it was signed "Mullison & Collins." It was also signed by Moderwell.

A receipt was given in evidence, dated July 21, 1849, by Reuben Mullison to Moderwell for $43.75 for one quarter's rent; also another receipt by same dated Nov. 27, 1849, for $42.75, for quarter's rent till 15th September. There was given in evidence, an order dated Dec. 11, 1849, signed Mullison & Collins, in favor of one Farrington for $87.50, the balance of rent due for coalyard till April 1, 1850. This order was signed Mullison & Collins. On the back of it was an acceptance dated Dec. 11, to be paid when due. A judgment was obtained on this order, and it was ultimately paid. Another paper was produced signed Mullison & Collins for Thomas Collins, by which the acceptance was acknowledged. Afterwards was executed a landlord's warrant signed Reuben Mullison, dated 6th February, 1850, for one quarter's rent due on 1st Dec. 1849, and under this the levy complained of was made. The quarter's rent was paid by Moderwell in order to avoid a suit at that time.

The order signed Mullison & Collins, and the acknowledgment of acceptance, were given in evidence on part of *plaintiff*, defendant's counsel excepting; and the admission of the landlord's warrant was also excepted to.

On the part of the defendant testimony was given to the effect that Moderwell had stated that he had leased the lot from Mulli-

son. That after some time in the spring of 1849, Mullison objected to its use, and alleged a violation of contract; and that afterwards Moderwell said that he had obtained an article of agreement *from Collins.*

On part of defendant it was further testified that both Mullison and Collins said that they had dissolved partnership: this was probably before 1849. The lot was assessed in the name of *Mullison & Collins.* The Court refused to permit the plaintiff to prove *to whom the lot belonged.* Exception was taken.

On the part of plaintiff it was offered to prove by Collins, who was released, that the property in question was the property of Mullison & Collins as partners, of which firm defendant was a member; that Mullison sometimes rented the lot for the firm and sometimes the witness, and that this mode was always acquiesced in by both: and further, that the payment to Farrington by plaintiff was in satisfaction of a partnership debt of Mullison & Collins. The evidence was objected to. The objection was sustained and exception taken on part of plaintiff. This bill was marked A.

It was further proved that Mullison said that he had rented the property to Moderwell, and that (Collins, the witness) acquiesced in the same.

On the part of the plaintiff it was then offered to ask the witness whether Mullison gave him this information as a matter of *partnership business.* Disallowed and exception taken. The bill was marked D.

It was further offered to prove by the same witness that Mullison & Collins were the owners of the property at the time, and that this was known to Moderwell. Disallowed and exception taken. Bill marked F.

LONG, J., charged, that the material question was, from whom was the property rented? Was it from Mullison & Collins, or from Mullison alone? That if the property was leased from Mullison, the plaintiff would be concluded by such lease, "unless the testimony shows that he rented the property from Mullison as a partner of Mullison & Collins." That a tenant was not allowed to controvert his landlord's title by setting up another in opposition to it; and that it was therefore immaterial in whom the *title of the lot was* at the time of the lease. The question was, "from whom did Moderwell rent? Was the property rented from Mullison," in his individual right? and did the plaintiff, "in pursuance of that lease, enter into the possession of it?" If he did, the plaintiff would be answerable to the defendant, Mullison, for the rent, even though he afterwards leased the property from Collins as the property of Mullison & Collins.

September 1, 1852, verdict for defendant.

Error was assigned to the rejection of the evidence to prove that

the title to the lot was in Mullison & Collins; and also to part of the charge above referred to.

*Frazer,* for plaintiff.—1. The Court erred in rejecting the offer of plaintiff to show that the lot in question was the property of Mullison & Collins; and if so, it was immaterial how Mullison rented it to plaintiff; the rent enured to Mullison & Collins, and belonged to the partnership. Also, in rejecting the evidence offered to show, that the lot belonged to Mullison & Collins in 1849. The *defendant* had not shown whether the lease by him was in his individual right, or for the firm. Real property may, by agreement of partners, be brought into the common stock, and be considered as *personal* property: 7 *Ser. & R.* 441, McDermot *v.* Lawrence. When land is brought into a concern as stock, it is between the partners and a person who has knowingly dealt with one of them for it, to be treated as *personal estate:* 1 *Harris* 551, Lancaster Bank *v.* Myley. (See also Kramer *v.* Arthurs, 7 *Barr* 165.)

*Ford,* with whom was *Fordney,* contrà.—The question submitted to the jury was, whether the plaintiff held under the agreement with Mullison, or under the one from Collins for Mullison & Collins.

It is not admissible for a tenant to dispute the title of his landlord: 2 *Bin.* 473; 5 *Watts* 64; 6 *Barr* 154, Baskin *v.* Seechrist.

The opinion of the Court was delivered, June 9, 1853, by

WOODWARD, J.—The general question of fact in this cause was, whether the plaintiff, Moderwell, rented the lot in question of the defendant Mullison, or of the firm of Mullison & Collins, of which the defendant was a member. The plaintiff, to establish a renting from the firm, relied on a written lease of 10th March, 1849, in the name of the firm to himself. The defendant proved his own and Moderwell's declarations to the effect, that the leasing was by parol from Mullison alone. The plaintiff then offered to repel the presumptions arising from these declarations by giving in evidence the facts mentioned in the bills of exception designated A., D., and F., which the Court excluded.

We think the evidence ought to have been admitted. It was in harmony with the written lease, and tended to establish the plaintiff's main proposition, that he rented of the firm. And besides, if this lot were partnership property, and used as such, the lease, though made by Mullison in his own name, would enure to the benefit of the firm; for partners are the agents of each other in partnership transactions; and when real estate is brought into the partnership business, it is treated, in equity, as personal estate, and a lease of it by one partner is as much a partnership transaction as a sale of partnership goods by him would be.

[Moderwell *v.* Mullison.]

What was the objection to the evidence? That a tenant is not permitted to impeach the title of his landlord. But this rule, applied here, involves a complete *petitio principii*, for the very point in issue is, Who was landlord? If evidence may not be given tending to prove that the firm rented the lot, because it would impeach Mullison's title, you have decided that he was the landlord. The rejection of the evidence was the assumption of the point to be demonstrated; and to assume a disputed point, and then to exclude evidence tending to impeach the assumption, is a more safe way of reasoning than it is sound. The evidence should have gone to the jury, and if it satisfied them that the lot was held and used as partnership property, the plaintiff's payment of the partnership draft on account of rent was regular, whether he leased of the one partner or the other.

We see no error in the other bills of exception. The evidence contained in them related to other transactions not in issue here, and therefore not relevant. Nor is there anything in the assignments of error to the charge of the Court. The question in the cause was fairly put to the jury on the evidence before them, the only mistake consisting in excluding evidence which ought to have been admitted.

The judgment is reversed and a *venire de novo* awarded.