OF

## PENNSYLVANIA.

64    39
147   560

64    39
f200  56

---

### EASTERN DISTRICT—PHILADELPHIA 1870.

---

## McCurdy and Stevenson *versus* Canning.

1. A purchaser at sheriff's sale, under a judgment against a husband, of his interest in an estate held with his wife by entireties, cannot recover possession during the wife's life.

2. If an estate be made to husband and wife during coverture, they are not properly joint tenants or tenants in common, but both are seised of the entirety. Per THAYER, J.

3. Neither can dispose of any part without the assent of the other, but the whole must remain to the survivor. *Id.*

4. The same words which would make two other persons joint tenants will make husband and wife tenants by the entirety. *Id.*

5. The Act of March 31st 1812.(Joint Tenants) does not apply to entireties of husband and wife. *Id.*

6. The Act of April 11th 1848 (Married Women) prevents a purchaser at sheriff's sale of a husband's interest in an estate held by entireties, while the wife lives, from recovering possession, even for the *life* of the husband. *Id.*

7. Stoebler *v.* Knerr, 5 Watts 181, remarked on.

January 4th 1870. Before THOMPSON, C. J., READ and SHARSWOOD, JJ. AGNEW, J., at Nisi Prius.

Error to the District Court of *Philadelphia.* No. 180, to July Term 1868.

This was an action of ejectment, commenced December 2d 1865, by John K. McCurdy and Hugh Stevenson against Robert Canning and Eliza Canning, his wife, for a house and lot of ground in Philadelphia.

On the 20th of August 1855, one Patterson conveyed the

(39)

[McCurdy *v.* Canning.]

premises in question to the defendants, " their heirs and assigns" :
—the habendum of the deed was: " To have and to hold the said
three-story brick building and lot or piece of ground and the here-
ditaments and premises hereby granted or mentioned and intended
so to be with the appurtenances as tenants in common and not as
joint tenants, unto the said Robert Canning and the said Eliza
Canning, their heirs and assigns, to and for the only proper use
and behoof of the said Robert Canning and Eliza Canning, their
heirs and assigns forever."

A judgment was subsequently recovered against Robert Can-
ning, under which, in 1859, his interest in the premises was sold
to the plaintiffs.

On the trial the court (Thayer, J.) directed a verdict for the
plaintiffs for the husband's interest, and for the wife for her inte-
rest, reserving the point " whether under the deed, the plaintiffs
can recover at all in this action." The verdict was in accord-
ance with this instruction.

The court afterwards entered judgment for the defendant
on the point reserved; Judge Thayer delivering the following
opinion :—

" This was an action of ejectment. The defendants, Robert
Canning and Eliza his wife, held under a conveyance in fee made
to them during their coverture, and the question is whether the
plaintiffs who were purchasers at sheriff's sale of the husband's
interest can recover possession of any part of the property by this
action.

"If an estate in land be given to the husband and wife or a
joint purchase be made by them during coverture, they are not pro-
perly joint tenants nor tenants in common, for they are but one per-
son in law and cannot take by moieties, but both are seised of the
entirety, *per tout et non per my.* The consequence of which is,
that neither the husband or wife can dispose of any part without
the assent of the other, but the whole must remain to the survi-
vor: 2 Bl. Com. 182. So long ago as Doe *v.* Parratt, 5 T. R.
652, Lord Kenyon remarked, 'It has been settled for ages that
where a devise is to the husband and wife they take by entireties
and not by moieties, and the husband alone cannot by his own
conveyance, without joining his wife, divest the estate of the
wife.'

" This species of tenancy arises from the unity of husband and
wife, and it applies to an estate in fee for life or for years. The
same words of conveyance which would make two other persons
joint tenants will make the husband and wife tenants of the en-
tirety. Joint tenants are each seised of an undivided moiety of
the whole, but husband and wife are seised of the whole and not
of undivided moieties. Of such an estate, as Montague, C. J.,
says, in Plowden 58, ' the husband has the entire use and the wife

[McCurdy v. Canning.]

has the entire use, for there are no moieties between husband and wife.' The attainder of the husband does not affect the wife's estate: 1 Inst. 187 a. Nor can the husband forfeit or alien so as to sever the tenancy, 'because,' as Cruise says, 'the whole of it belongs to his wife as well as to him:' tit. 18, ch. 1. Nor is such an estate affected by the statutes of partition: 4 Kent's Com. 363; Thornton v. Thornton, 3 Rand. R. 179.

"The Act of 31st March 1812, which destroyed survivorship between joint tenants in Pennsylvania, does not apply to entireties held by husband and wife: Robb v. Beaver, 8 W. & S. 111. So that this estate remains as at common law, excepting in so far as it may have been affected by the Act of 11th April 1848, commonly called the Married Woman's Act. It would seem to have followed, at common law, from the unity of husband and wife, and the subjection of the latter to the former, that the husband had the control of the estate during his life, and might convey or mortgage it during that period. This is conceded by Kennedy, J., in Fairchild v. Chastelleux, 1 Barr 181, and decided in Barber v. Harris, 15 Wend. 615; Jackson v. McConnell, 19 Id. 175. If the husband might convey or mortgage it for the period of his own life, it would seem to follow necessarily that it might be taken in execution and sold by the sheriff for the same period, and that a purchaser of such an interest would be entitled to recover the possession during the life of the husband by an action of ejectment. But just here the Act of 11th April 1848 interposes its insuperable bar to such a result, declaring that ' every species and description of property, of whatever name or kind, which may accrue to any married woman during coverture, by will, descent, deed of conveyance or otherwise, shall be owned, used and enjoyed by such married woman as her own separate property, and shall not be subject to levy and execution for the debts or liabilities of her husband, nor shall such property be sold, conveyed, mortgaged or transferred, or in any manner encumbered by her husband without her written consent first had and obtained and duly acknowledged, &c.'

"The case, therefore, stands thus: Here is a married woman who is neither a joint tenant or tenant in common with the husband, but who is seised of the whole estate, and with him entitled to possession of the whole. If a purchaser of the husband's interest may be put into possession with her, what follows? This: 1st. You have destroyed her estate, and turned her entirety into a joint tenancy or tenancy in common. 2d. You have deprived her altogether of the possession, because it is not in the nature of things that she can enjoy actual possession with a stranger as she did with her husband. 3d. You have taken away her property without her consent and destroyed her rights, which were protected by the Act of April 11th 1848. She was entitled to

'[McCurdy *v.* Canning.]

possession of the whole with her husband.  You propose to give possession of the whole with a stranger, a possession which she cannot, and which he probably would not enjoy.  If it should be answered that the property may be rented, and a moiety of the rents and profits may be paid to her, that is only to say that you may deprive her of her estate and give her another of inferior value, a substitution which you have no right to propose.  The words of the Act of 1848 are of so comprehensive a character, and its purpose to protect every possible interest of the wife is so plain, that we cannot, by any possible construction, consistent with the object of the legislature, and the language which they have used, except this interest from its protection.

" These considerations lead us to the conclusion that one who, without the consent of the wife, purchases the husband's interest in real estate in which both husband and wife are seised of the entirety, and to the possession of the whole of which she is entitled equally with him, does not acquire, during the wife's life, any right to the possession, either jointly with her or to her entire exclusion.  Practically these two propositions are not alternatives but the same, for we can as easily marry her to a stranger as marry her possession to his without destroying her estate.

" The case of Stoebler *v.* Knerr, 5 Watts 181, is not in conflict with these views.  The point to be determined here did not arise in that case which was decided twelve years before the passage of the Married Woman's Act.  In that case the husband and wife did not hold by entireties.  There was an absolute conveyance in fee simple to the husband, coupled with a contemporaneous agreement, the intent of which was to control the conveyance, and to give the estate jointly to the daughter of the donor and her husband in special tail, but it failed for want of apt words to accomplish that result, and it was held that the whole estate was in the husband for life, and that his freehold was a legitimate subject of execution.

" Judgment for the defendant on the point reserved."

The plaintiffs took a writ of error, and assigned for error the entering of judgment for the defendant.

*A. Thompson* and *W. E. Whitman*, for plaintiffs in error, cited Ash *v.* McGill, 6 Whart. 391; Stoebler *v.* Knerr, 5 Watts 181: Coulter *v.* Phillips, 8 Harris 154; Dougan *v.* Blocher, 12 Id. 28; Smith *v.* Painter, 5 S. & R. 222; Martin *v.* Jackson, 3 Casey 504; French *v.* Mehan, 6 P. F. Smith 286.

*H. McIntyre*, for defendant in error, cited Diver *v.* Diver, 6 P. F. Smith 106; Stuckey *v.* Keeffe, 2 Casey 402.

The opinion of the court was delivered, January 10th 1870, by

[McCurdy *v.* Canning.]

READ, J.—We affirm this judgment for the reasons so well assigned by the learned judge (Judge Thayer), in his able opinion in the court below.