# Gasner, Appellant, *v.* Pierce et al.

*Entireties—Tenancy by entireties—Landlord and tenant—Lease by husband—Payment of rent to wife—Tenant setting up lack of interest in landlord—Acts April 11, 1848, P. L. 536; June 3, 1887, P. L. 332; June 8, 1893, P. L. 344; May 24, 1923, P. L. 446, and May 13, 1925, P. L. 649.*

1. A tenancy by entireties is an interest held by a husband and wife together so long as both live, and after the death of either by the survivor so long as the estate lasts.

2. There is but one estate, and in contemplation of law it is held by but one person.

3. Such interest, arising by the unity of person has not been abolished or affected by the Acts of April 11, 1848, P. L. 536; June 3, 1887, P. L. 332; June 8, 1893, P. L. 344; May 24, 1923, P. L. 446, and May 13, 1925, P. L. 649.

4. Neither husband nor wife, in whom property has jointly vested as an estate by entireties, can sell or assign their individual rights therein without the joining of the other, or dispose even of the expectancy of survivorship, and creditors of either acquire no enforceable lien by obtaining judgment or title by sale in execution.

5. At common law, a husband was entitled to collect the rents of an estate by entireties, the income to be used for the support of both husband and wife, but since the Act of April 11, 1848, P. L. 536, the rights of the wife cannot be divested by the acts of the husband unless assented to by her.

6. Where a husband alone signs a lease of premises, held by him and his wife as tenants by entireties, payment of the rent to the wife is a satisfaction of the claim for rent.

7. The proper disposition of the money paid in such case is a matter for determination between the husband and wife, but the lessee is relieved from further obligation when he has paid the rent to the wife.

8. The rule that the tenant is estopped from setting up lack of interest in his landlord, cannot be invoked by a husband who has alone signed a lease of premises held by himself and wife by entireties, where he seeks to collect rent already paid to his wife.

Argued May 11, 1926.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 221, Jan. T., 1926, by plaintiff, from judgment of Superior Court, Oct. T., 1924, No. 305, reversing judgment of C. P. Schuylkill Co., July T., 1923, No. 51, in case of Joseph Gasner v. John G. Pierce, landlord, and George Llewellyn, constable.  Reversed.

Appeal from Superior Court: 87 Pa. Superior Ct. 170. The opinion of the Supreme Court states the facts.

*Error assigned* was judgment of Superior Court, quoting record.

*R. P. Swank,* with him *M. M. Burke,* for appellant.— By taking title to leased premises jointly with his wife, the landlord conferred upon such wife authority to collect rent, and it was therefore unnecessary to prove the giving of express authority to the wife to collect, or tenant to pay: McQuesney v. Hiester, 33 Pa. 435; Meyer's Est., 232 Pa. 95; Moderwell v. Mullison, 21 Pa. 257.

The legal question for disposition in the instant case seems to have been determined in O'Malley v. O'Malley, 272 Pa. 528.

*R. A. Freiler,* with him *M. J. Ryan,* for appellee.—The married woman's enabling acts do not apply to estates by entireties and do not affect them: Diver v. Diver, 56 Pa. 106; Bramberry's App., 156 Pa. 628; O'Malley v. O'Malley, 272 Pa. 528.

If the husband makes a lease of property held in entireties, the tenant cannot impeach the title under which he is in possession and evade compliance with the terms of his lease: Gleim v. Rise, 6 Watts 44; Farmers' Dep. Nat. Bank v. Fuel Co., 29 Pa. Superior Ct. 70; Cochran v. Zimmerman, 253 Pa. 155; Cincinnati v. Collieries Co., 252 Pa. 619.

OPINION BY MR. JUSTICE SADLER, June 26, 1926:

John Pierce and Minnie, his wife, were the owners by entireties of a house in Mahanoy City. On October 5, 1922, the former, in his own name, leased the property to Joseph Gasner for a monthly rental. The sum agreed upon was turned over to him until February 5, 1923, but for the two months following was paid to the wife, the tenant believing this course to be proper since the lease, though executed by the husband, was in right of both. Thereafter, Pierce caused a warrant of distress to be issued for unpaid rent, insisting that he alone was entitled to that accruing, having given no express authority to his wife to make the collection. The property seized by the constable, was retaken on a writ of replevin, a claim-property bond being given by the lessee. On the issue framed to determine the rights of the parties, the matter was brought before the court, which held,—the facts as above stated having been agreed upon,—that the payment to the wife was a satisfaction of the claim for rent, though the lease had been signed by the husband alone. This ruling was reviewed and reversed by the Superior Court, and judgment was directed to be entered for the defendant. From the decision rendered leave to appeal was granted, and the legal question involved is now before us for determination.

The property in question was admittedly owned by Mr. and Mrs. Pierce, and, as a result, a tenancy by entireties arose, which has been defined as an interest "held by a husband and wife together so long as both live, and, after the death of either, by the survivor so long as the estate lasts": 13 R. C. L. 1096. "The essential characteristic of [the estate] is that each spouse is seized of the whole or the entirety and not of a share, moiety, or divisible part......There is but one estate, and, in contemplation of law, it is held by but one person": 30 C. J. 564; 13 R. C. L. 1114. This interest, arising from the unity of person, has not been abolished by our so-called Married Women's Acts (13 R. C. L. 1101), passed April

11, 1848, P. L. 536 (Diver v. Diver, 56 Pa. 106), June 3, 1887, P. L. 332 (Bramberry's Est., 156 Pa. 628), or June 8, 1893, P. L. 344: Meyer's Est. (No. 1), 232 Pa. 89. Nor is it affected by the more recent legislation (May 24, 1923, P. L. 446; May 13, 1925, P. L. 649), authorizing the sale of such estates, when ordered to secure support of the wife, or after divorce has been granted.

Neither husband nor wife, in whom property has jointly vested, can sell or assign their individual rights therein without the joining of the other, or dispose even of the expectancy of survivorship (Beihl v. Martin, 236 Pa. 519), and creditors of either acquire no enforceable lien by obtaining judgment or title by sale on execution: McCurdy v. Canning, 64 Pa. 39. The right of each party to the present enjoyment of the estate, during its continuance, is not to a part, but to all of it: Meyer's Est., supra; Meyer's Est. (No. 2), 232 Pa. 95.

At common law, not as an incident of the estate, but of the marital relationship, the husband was entitled to collect all of the rents and profits, the income received to be used for the support of both (Fairchild v. Chastelleux, 1 Pa. 176), but the Act of April 11, 1848, expanding the privileges of married women, directed that her interests in such property should not be "sold, conveyed, mortgaged or transferred, or in any way encumbered by her husband without her written consent first had and obtained and duly acknowledged." Since that time her rights cannot be divested by the acts of the husband, unless assented to by her (McCurdy v. Canning, 64 Pa. 39), and the protection then granted has been still further extended by later legislation.

"Any alienation by one, the other not consenting, of any interest whatever in the estate, if allowed, would be an abridgment pro tanto of the rights of the other. By their joint act they admittedly have the right to sell and dispose of the whole estate; by their joint act they may strip the estate of its attributes and create a wholly different estate in themselves; but neither can divest

himself or herself of any part without in some way infringing upon the rights of the other": Beihl v. Martin, supra, p. 527. "Because of the unity of person and estate existing during marriage, either spouse may lease it and collect the rent; but this is so not because the right to do it is an incident of the estate, on the contrary it only flows from an incident thereof. While the marriage subsists it is a matter of indifference which of the parties leases the property or which of them obtains the rents; presumptively the moneys received will be expended for the benefit of both of them. The unity of the relation of the parties results in a unity of the estate; the leasing by either is for the benefit of them in that relation, and the rents paid to either is to him or her in that relation only": O'Malley v. O'Malley, 272 Pa. 528, 533.

The husband could not sell the land, or dispose of it in any way, without the consent of his wife. If this were not true, the one tenant by entirety might destroy the entire beneficial interest of the other during his lifetime. Both are entitled to the entire income to be used for their joint benefit, and neither may deprive the other of the use of the rents accruing, unless by agreement. Even if treated as tenants in common, each would be entitled to a share of the rents, and the payment of all to one, where both had joined in the agreement, would work an acquittance of the lessee: Swint v. Oil Co., 184 Pa. 202, 206.

The learned Superior Court took the position that, since the lease here in question was signed by the husband alone, the extent of the estate possessed by him could not be considered, since this would be, in effect, a denial of the title of the lessor, which is not legally permissible. The rule that a tenant is estopped from setting up lack of interest in his landlord has long been recognized, and frequently invoked. A tenancy is not to be assumed, however, merely because it is asserted: Trickett on Landlord & Tenant 644. So, one who joins

as a co-lessor may be shown in fact to have no interest, and the payment to the real owner, or his assignee, constitutes a satisfaction of the claim for rent. "This would not amount to a denial of the landlord's title, but to a denial [as to the second party signing as lessor] the lease created that relation": Swint v. Oil Co., supra, 205. In the present case, there is no negation of the existence of the estate leased, or that the husband had the right to rent the same, but it is insisted only that in so doing he was acting also impliedly for the wife, as undisclosed principal, who was equally entitled to the income to be applied for their joint benefit. The tenant could not deny the right of the former to make the agreement, but is not estopped from showing that he had no greater estate than necessary to support the contract: 35 C. J. 1242. He was estopped from showing that Mr. Pierce could not demise the property, but it was permissible to prove that the rental was properly payable to him, or his wife, for whom he was jointly acting.

It is true that the rule as to estoppel has been applied where an action for rent has been brought by the agent, who signed as the lessor, the real owner not being named, or objecting, and not having himself accepted payment in satisfaction: Stott v. Rutherford, 92 U. S. 107, 23 L. ed. 486; Seyfert v. Bean, 83 Pa. 450; Holt v. Martin, 51 Pa. 499; Bedford v. Kelly, 61 Pa. 491. If, however, the undisclosed principal asserts his rights, the contracting party is bound to recognize them (2 C. J. 830), and, after notice, makes payments due at his own risk: 2 C. J. 880. So, it has been held, when the beneficial owner in fact receives the sum due, the named lessor cannot recover in a suit for the accrued rent: Niles v. Gonzales (Cal.), 82 Pac. 212. It was there said in part: "While as a general rule those only are bound by a written contract who sign it, and others cannot be held whose names do not appear therein, yet an exception to this rule exists, when evidence is admitted to show that it also binds another who has authorized its

signing, because the act of the agent in signing an agree-ment in pursuance of the authority is in law the act of the principal."

The rules as to agency apply in the same manner where the husband represents his wife, as where the principal and agent are in other respects strangers, and the fact that he acts for her does not prevent the latter from enforcing rights or protecting interests under the contract entered into on her behalf (30 C. J. 623, 624), though her interest is undisclosed: 30 C. J. 624; Lancaster v. Knickerbocker Ice Co., 153 Pa. 427. Legally, the husband acted for himself and as agent of the wife, executing the lease in the right of both.

It has at least been suggested by this court that all rent could be withheld until the wife joined in the formal contract, where it appeared she was possessed of an interest in the land, demised in the name of the husband (Kunkle v. People's Nat. Gas Co., 165 Pa. 133, 138), but the exact question raised in the case at bar has not been passed upon by our appellate courts, so far as we have been able to discover. In the only lower court decision dealing with the proposition now before us, it was held that the payment to the wife worked an acquittance of the lessee: Solack v. Solack, 28 Pa. Dist. R. 592. The principle controlling here was applied in Moderwell v. Mullison, 21 Pa. 257, where the contract had been signed by one partner, the rent paid to the partnership, and the tenant held to be relieved from answering to the individual named as lessor. There was some evidence in the case cited that the firm was a party to the agreement. In referring to this, the court said (p. 259) : "And besides, if this lot were partnership property, and used as such, the lease, though made by Mullison in his own name, would enure to the benefit of the firm; for the partners are the agents of each other in partnership transactions."

Here, though either husband or wife could lease, both were entitled to the income. When the former acted, it

was presumably with her authority, and on her behalf. Whichever collected the rent, the appropriation of it must be for their joint use, and the receiver was bound to account to the other. The payment, in good faith, by Gasner to Mrs. Pierce, must be held a satisfaction of the claim. The proper disposition of the money paid is a matter for determination between the tenants by entireties, but the lessee was relieved from further obligation when the rent was given to the wife.

The judgment of the Superior Court is reversed, and that of the Court of Common Pleas of Schuylkill County is affirmed, and the record is remitted with directions to enter judgment for the plaintiff.