## Leshefka v. Homa.

*Execution — Oral examination of defendant in execution — When not allowed — Act of May 9, 1913 — Facts disclosed by the record — Estate by entireties.*

1. An oral examination of a defendant in an execution as provided by the Act of May 9, 1913, P. L. 197, will not be allowed where the petition for the examination and the record of the case show that the defendant had no other property than an interest in land held by himself and wife as an estate by entireties.

2. In such a proceeding, the motive of the defendant in having the title placed in the names of his wife and himself cannot be inquired into where it appears that the wife is not a party to the proceeding and that she is not charged with any fraud in the transaction.

3. Whatever may be the intention of a husband and wife in respect to the nature of the estate created by a deed made to them in their joint names is immaterial, because the deed alone determines that.

4. Property held by a defendant and his wife by entireties cannot be levied upon and sold on a judgment against the defendant alone.

*Constitutional law—Incrimination of self—Oral examination of defendant in execution—Act of May 9, 1913.*

5. The Act of May 9, 1913, P. L. 197, for the oral examination of defendants in execution, does not contravene the right of a defendant not to be compelled to testify against himself.

Petition for oral examination of judgment debtor. C. P. Schuylkill Co., May T., 1924, No. 285.

*R. R. Koch* and *John Skwier*, for plaintiff; *P. B. Roads*, for defendant.

BERGER, J., March 7, 1927.—This is a proceeding under the Act of May 9, 1913, P. L. 197, entitled "An act to provide for the oral examination of a judgment debtor for the purpose of discovering whether he has property which may be made subject to execution on the judgment." The plaintiff issued execution against the defendant to collect a judgment entered Feb. 2, 1925, upon the verdict of the jury rendered in plaintiff's favor Nov. 20, 1924, for the sum of $10,864.42. The sheriff, having found no property of the defendant subject to levy and sale, made a return of *nulla bona.* The verdict upon which the judgment was entered included, *inter alia,* findings in the

plaintiff's favor for three loans alleged to have been made by him to the defendant, as follows: $2000, Jan. 30, 1923; $5000, Feb. 6, 1923; and $3000, April 4, 1923. (Pars. 2, 3 and 5 of statement of claim.) The defendant was married to plaintiff's daughter Oct. 18, 1922, and his defence to the alleged loans was that the moneys received by him from the plaintiff were a marriage gift. (Pars. 3, 4 and 6 of affidavit of defence.)

The plaintiff in his petition avers that the defendant obtained these loans for the purchase of certain real estate in the Borough of St. Clair, this county, to which record title was taken Feb. 7, 1923, and that "for the purpose of defrauding the plaintiff and to prevent a recovery of a collectible judgment against him, had the title to said property made in the name of the defendant, Steve Homa, and his wife, Helen Homa." The petitioner further avers that the defendant has no other property than this real estate, and concludes with a prayer for an order (1) "requiring the defendant to attend at an appointed time to be examined concerning his property, agreeably to the provisions of the Act of Assembly approved May 9, 1913, P. L. 197;" and (2) "that the court make an order after such hearing decreeing that the real estate fraudulently put in the name of the defendant and his wife shall be subject to the execution issued upon said judgment and to the payment and satisfaction thereof." The court granted a rule to show cause why the prayers of the petition should not be granted, and the defendant has entered an appearance and filed a demurrer.

The grounds of demurrer are (1) that the petition is drawn under the Act of June 11, 1879, P. L. 129, which has been declared unconstitutional; and (2) that the plaintiff prays for an order on the defendant which would require him to incriminate himself in violation of his constitutional rights. Referring now to the first cause of demurrer, the Act of 1913 requires a plaintiff invoking its aid to aver under oath "that he believes the defendant has property which should be applied to the payment" of his judgment, whereupon the court "shall enter an order" requiring the attendance of the judgment debtor for the purpose of being placed under oath for examination by the plaintiff. The petition in this case contains the necessary averment that the plaintiff believes that the defendant has property which should be applied to the payment of his judgment, and also specifically refers to the Act of 1913 as the basis upon which he seeks relief. The first cause of demurrer is, therefore, without merit. As to the second cause of demurrer, it is sufficient to say that the Act of May 9, 1913, P. L. 197, has been declared constitutional in Pennock *v.* West, 23 Dist. R. 1062, and that the validity of the act has been impliedly recognized in Trainer *v.* Saunders, 270 Pa. 451, 453. The second cause of demurrer is, therefore, also without merit.

The proceedings under the Act of 1913 are supplementary to and in aid of an execution to enforce the judgment, and are, therefore, required to be entered to the same number and term as the judgment itself is entered. When a judgment is entered upon a verdict rendered by a jury, it is proper to resort to the record to ascertain the issue which was tried for the purpose of determining whether or not the petition has set forth a cause for relief. This has been done in the instant case, and the facts thus ascertained have been stated, so far as it has seemed necessary to a proper understanding of the object which the petitioner seeks to accomplish by this proceeding. Although the demurrer filed here is without merit, we are, nevertheless, of the opinion that if the face of the petition shows that the petitioner is not entitled to the order for the examination of the defendant, for which he prays, it should be denied. The purpose of examining a defendant, by virtue of the Act of 1913,

Leshefka *v.* Homa.

is, as the title to it states, to discover whether he has property which may be made subject to the execution. The petitioner has averred that the *only* property which the defendant has is real estate, the title to which is alleged to be in the joint names of the defendant and his wife. He can, therefore, learn nothing by the examination of the defendant which he does not already know respecting the ownership of any real estate by him or the manner in which he holds the same. The affidavit taken by the petitioner in verification of the body of the petition, and the prayer of the petition, both show that the petitioner has been advised, and, therefore, swears on belief, that the property held by the defendant and his wife by entireties can be subjected to execution process against the defendant alone if, on his examination had pursuant to an order of court, he were to admit that he had the corrupt purpose charged against him in taking title to the real estate in question. It is quite clear that property held by the defendant and his wife by entireties cannot be levied upon and sold on the judgment obtained against the defendant alone. The general principle is that "neither husband nor wife, in whom property has jointly vested, can sell or assign their individual rights therein without the joining of the other, or dispose even of the expectancy of survivorship (Beihl *v.* Martin, 236 Pa. 519), and creditors of either acquire no enforceable lien by obtaining judgment or title by sale on execution: McCurdy *v.* Canning, 64 Pa. 39. The right of each party to the present enjoyment of the estate during its continuance is not to a part but to all of it: Meyer's Estate, *supra;* Meyer's Estate (No. 2), 232 Pa. 95" Gasner *v.* Pierce et al., 286 Pa. 529, 532. The motive which the defendant may have had for putting the title to the property which he purchased from the proceeds of the loans made to him by the defendant into the joint names of himself and wife is not open to inquiry in this proceeding, for his own interest and his wife's interest in the property are at stake here, and she is not a party to this proceeding, nor even charged with having been a party to the fraudulent intent alleged against her husband. It would be vain to grant an order for the examination of the defendant, for if every fact alleged in the petition were admitted by the defendant on his examination, the court would be without power to decree, as the petitioner prays, that the real estate put in the name of the defendant and his wife shall be subject to the execution issued upon said judgment and to the payment and satisfaction thereof.

At common law, a conveyance to a husband and wife created neither a tenancy in common nor a joint tenancy, but an estate by entireties, and this was so because of the rights and incapacities established by the marriage, and the contrary intention of the parties (husband and wife), though clearly expressed in the conveyance itself, was entirely immaterial. The nature of the estate created when real estate is conveyed to husband and wife jointly was not determined on any supposed intention of the parties, but on the sole ground that husband and wife, during coverture, are regarded as one person in law, and, therefore, incapable of having separate estates: Stuckey *v.* Keefe's Executors, 26 Pa. 397. Whatever may be the intention of husband and wife in respect of the nature of the estate created by a deed made to them in their joint names is immaterial, because the deed alone determines that: Hetzel *v.* Lincoln, 216 Pa. 60, 63. Our acts of assembly enlarging the rights and increasing the powers of married women have not changed the incidents of an estate by entireties held by husband and wife, in so far as they are the result of the legal fiction of unity between husband and wife: Meyer's Estate (No. 1), 232 Pa. 89, 93; Gasner *v.* Pierce et al., 286 Pa. 529, 532.

From M. M. Burke, Shenandoah, Pa.