## Snowberger v. Hartman et ux.

*Ashton Gardner*, for plaintiff; *Frank H. Fay*, for defendants.

PATTERSON, P. J., July 26, 1928.—This case will be considered on petition to stay writ of *fieri facias* execution and to set aside judgment and answer thereto. J. B. Hartman and Annie M. Hartman are, respectively, man and wife, and jointly hold the title to one Chevrolet automobile, No. 12 V52179. On Jan. 8, 1923, the said J. B. Hartman and Annie M. Hartman executed a judgment note payable to D. K. Snowberger. On Jan. 9, 1928, Annie M. Hartman was adjudged an involuntary bankrupt and the automobile in question was sold by her trustee in bankruptcy for the nominal consideration of $5 to one C. A. Hershberger, the car remaining in the possession of the said J. B. Hartman and Annie M. Hartman. On March 8, 1928, the above-stated judgment was entered, and on the same day *fieri facias* execution issued and levy made upon the car by the sheriff, in whose hands the car still remains.

The question involved is whether the sale by the trustee in bankruptcy was void. We believe that it was absolutely void and of no effect. The automobile, having been held jointly by man and wife, was an estate by entireties and not liable for the debts of either the husband or the wife, and this is so notwithstanding that no words were used describing them as married persons, when in fact they were married.

This conclusion is supported by this court's opinion in the Estate of Joseph P. Raible, late of the City of Altoona, deceased, entered to No. 859½, O. C., 1927, as follows: "A tenancy by entireties arises whenever an estate vests in two persons, they being, when it so vests, husband and wife. It may exist in personal as well as real property, in a chose in action as well as in a chose in possession. The common-law rule is that the words which in a conveyance to unmarried persons constitute a joint tenancy will create, if the grantees are husband and wife, a tenancy by entirety:" Bramberry's Estate, 156 Pa. 628.

It is further supported in the case of Gasner *v.* Pierce, 286 Pa. 529, which reads, in part, as follows: "Neither husband nor wife, in whom property has jointly vested as an estate by entireties, can sell or assign their individual rights therein without the joining of the other or dispose even of the expectance of survivorship, and creditors of either acquire no enforceable lien by obtaining judgment or title by sale in execution."

The automobile was not a part of the bankrupt estate of the said Annie M. Hartman, and, therefore, the sale by her trustee was of no effect. The title of the automobile is jointly held and is still the property of the said J. B. Hartman and Annie M. Hartman by entirety and liable for the joint obligations of these parties contracted since the adjudication of the bankruptcy pro-

714

ceedings. However, in the present case, the plaintiff, D. K. Snowberger, undertakes to sell the said automobile on a judgment against the said J. B. Hartman and Annie M. Hartman, man and wife, respectively, dated Jan. 8, 1923, or five years before the date of the bankruptcy proceedings, and it appears that the said Snowberger was listed as one of the creditors of the said bankrupt and that the proceedings in bankruptcy discharged her obligation to the plaintiff in the writ. It is clear, therefore, that the plaintiff now has a note, the payment of which may be enforced against J. B. Hartman, co-maker, only, the obligation on the part of the said Annie M. Hartman having been canceled by the adjudication in bankruptcy. And it is well established by numerous authorities that property held by entirety is not liable for the indebtedness of either the husband or the wife: Gasner *v.* Pierce, *supra.*

*Decree.*—Now, July 23, 1928, rule to strike from the record judgment as to Annie M. Hartman made absolute.

From Robt. W. Smith, Hollidaysburg, Pa.