## Butler, Assignee, v. Cornelius et al.

*Larzelere & Wright* and *James E. Riely,* for plaintiff.
*Leon H. Fox,* for defendants.

CORSON, J., May 14, 1936.—Wilhelmina L. Cornelius and Charles F. Cornelius, her husband, sometime prior to 1929, took title by the entireties to the piece of real estate sold at sheriff's sale under the present mortgage foreclosure proceedings.

After the property had been so held for sometime, Dr. and Mrs. Cornelius were divorced. Mrs. Cornelius married a Mr. Williams. Dr. Cornelius also married again. Dr. Cornelius and his second wife continued to occupy the jointly owned premises, and, sometime in 1929, Mrs. Williams brought suit in this court to recover from her former husband one half of the fair rental value of the property. In that proceeding, as of April term, 1929, Mrs. Williams obtained a judgment. Upon appeal, this judgment was affirmed. Mrs. Williams thereupon . issued execution against her former husband, and, when it was discovered that he had made a gift of all his personal property to

his second wife, nothing was obtained upon the execution. Mrs. Williams then brought proceedings to have a receiver appointed for Dr. Cornelius, whereupon the doctor filed a petition in bankruptcy, setting forth the claim of Mrs. Williams but listing no assets whatever. During this entire period the property had been covered by a certain mortgage upon which the present foreclosure proceedings were later brought. This mortgage eventually came, through various assignments, into the hands of Mildred C. Butler, who brought these proceedings, and the property was sold at sheriff's sale for the sum of $12,000.

After payment of the debt, interest, and costs, the balance apparently was distributed, first, for costs; second, for taxes; third, the mortgagee; fourth, $1,374.55 to pay the judgment of Wilhelmina L. C. Williams against Charles F. Cornelius, and the balance of $4,577.80 to the mortgagors and real owners, Charles F. Cornelius and Wilhelmina L. Cornelius (now Williams), tenants by the entireties. To this schedule of distribution, Mrs. Williams filed no exceptions. Charles F. Cornelius excepted, first, to the payment of the judgment in favor of Mrs. Williams; second, to the amount of the balance awarded to the tenants by the entireties; and, third, to the fact that the schedule shows no distribution in favor of various other judgment creditors, particularly three judgments totaling $9,000, in favor of one John Slushtine. John Slushtine filed one exception to the sheriff's distribution claiming that if distribution is made upon the judgment in favor of Mrs. Williams distribution should also include payments upon the Slushtine judgments. While these exceptions were pending, Mrs. Williams petitioned this court for a rule to show cause why moneys in the hands of the sheriff should not be impounded pending final determination of a second suit brought by Mrs. Williams against Dr. Cornelius to recover her one-half share of the fair rental value of the property in question. In this petition it is the contention of Mrs. Williams that if

she obtains a final judgment upon her second suit this also should be paid out of the proceeds of the sheriff's balance.

As to the exception filed by John Slushtine, we may say at once that we feel this exception is entirely without merit. The individual creditor of one tenant by the entireties who obtains judgment against such tenant obtains no lien whatever upon the property held by the entireties: Gasner v. Pierce et al., 286 Pa. 529; Beihl v. Martin, 236 Pa. 519. This exception is not seriously pressed, and apparently is argued only upon the theory that, if the judgment in favor of Mrs. Williams against Cornelius is to be treated as a lien upon the property, then the Slushtine judgments should also be paid out of the fund. Our ruling upon the Slushtine exception also disposes of the third exception filed by Charles F. Cornelius.

From our decision upon the Slushtine judgment, it follows that the first exception of Charles F. Cornelius to the item in the sheriff's distribution, "Wilhelmina L. C. Williams $1374.55", must be sustained unless the facts are so different in that case as to compel a different finding. If such first exception is sustained, it obviously follows that the second exception of Doctor Cornelius must be sustained, and the sum of $1374.55 must be added to the item of $4577.80 in favor of the tenants by the entireties.

If we sustain the first exception of Doctor Cornelius, it also follows that we should discharge the rule to impound, because of the fact that, even assuming that the second judgment in favor of Mrs. Williams stood in the same position as the first judgment, yet if the first judgment cannot be paid out of the fund certainly the second judgment can stand in no better position.

Counsel for Mrs. Williams admits that if Mrs. Williams was an ordinary judgment creditor of Dr. Cornelius such judgment would not be payable out of the fund in the sheriff's hands. It is the contention of Mrs. Williams,

however, that since the judgment is in favor of one tenant by the entireties against another the reason barring payment of the Slushtine judgments no longer applies. It is counsel's contention that the reason Slushtine cannot recover is because to allow payment to a creditor of one joint tenant would be taking money out of the property of the other joint tenant. This contention may well be true, yet the fact remains that the sheriff must make distribution in accordance with the liens of record upon the property sold. The purchasers at sheriff sale have the right to rely upon the record, and, in looking up such record, we could not require a prospective purchaser to know that the plaintiff in the suit of Williams against Cornelius is a former wife of Dr. Cornelius and one of the tenants by the entireties. If the judgment of Mrs. Williams were to be a lien upon the property, something more would have to appear of record than at present appears, because, so far as the record shows, the judgments in favor of Williams and Slushtine would appear to be merely the judgments of a third party against an individual joint tenant. Under the circumstances, no lien arises, and such judgment cannot be paid out of the distributive fund.

While it may be true that a judgment against an individual joint tenant may become a lien upon the property after the death of the other joint tenant, yet that question, of course, does not arise in the present case. We feel that the judgment in favor of Mrs. Williams must be treated as the judgment of any other person against Dr. Cornelius. From the argument, it appearing that Dr. Cornelius is at present in bankruptcy, it is a grave question whether or not these judgments will not be discharged in these proceedings. However, of course, that question also does not arise under our decision in this case.

And now, May 14, 1936, for the reasons given in the foregoing opinion, the rule to impound is discharged; the exception of John Slushtine to the sheriff's distribution is dismissed; the third exception of Charles F. Cornelius to the sheriff's distribution is dismissed; and the first and

second exceptions of Charles F. Cornelius to the sheriff's distribution are sustained. The item of the schedule awarding $1374.55 in payment of the judgment in favor of Wilhelmina L. C. Williams is, therefore, stricken from the schedule, and such amount is directed to be added to the item of $4577.80 in favor of Charles F. Cornelius and Wilhelmina L. Cornelius, tenants by the entireties. Exceptions are allowed to John Slushtine, Wilhelmina L. C. Williams, and Charles F. Cornelius.