# Wally v. Lehr et al.

*John H. Elder, Jr.*, for plaintiff.
*Scott & Neely*, for defendants.

WEISS, J., June 22, 1954.— Plaintiff filed his petition for declaratory judgment alleging the following facts which were admitted by defendants:

Plaintiff, Alex Wally, recovered a judgment against Louis Lehr at July term, 1932, 728 D. S. B. in the amount of $9,396.16. The judgment has been properly revived periodically.

During this period Louis P. Lehr and Kathryn Lehr, his wife, were the owners of a parcel of land, the title being held as tenants by the entireties. However, in 1941, they conveyed this property to one Agnes D. McStay, a strawman, who in turn reconveyed the property to Louis P. Lehr and Kathryn Lehr, his wife, of the Borough of Etna, County of Allegheny, State of Pennsylvania, and Harry G. Lehr, of the City of Baltimore, State of Maryland, as joint tenants with the right of survivorship and not as tenants in common.

Subsequently, in 1949, these three persons conveyed the land to Grace Elizabeth Lehr Howenstein, Helen Jean Lehr Grace, and Blanch Kathryn Lehr Baxter as joint tenants with the right of survivorship and not as tenants in common. In 1950 Kathryn Lehr, the wife of Louis Lehr, died.

Therefore, the question arises as to whether the lien of the judgment in favor of plaintiff and against Louis Lehr was ever attached to the property in question.

There appears to be no argument that the lien of the judgment did not attach to the land while it was held in the names of Louis Lehr and Kathryn Lehr, his wife, as tenants by the entireties. However, the dispute arises as to the effect of their conveyance in 1941, through the strawman, to themselves and Harry Lehr as "joint tenants with the right of survivorship and not as tenants in common."

Under the decided law in this State, this conveyance would generally have but one meaning and that being that any conveyance to a husband and wife creates a tenancy by the entireties and no other estate.

In Use of United States National Bank v. Penrod et al., 354 Pa. 170, the court said:

"The common-law rule, still in force in this Commonwealth, is that property—real or personal—conveyed to or held by a husband and wife during coverture is an estate by the entirety and not a joint tenancy or tenancy in common: Gasner v. Pierce, 286 Pa. 529, 134 A. 494; Madden v Gosztonyi Savings and Trust Company, 331 Pa. 476, 200 A. 624; in Re Vandergrift's Estate, 105 Pa. Superior Ct. 293; 161 A. 898; Wakefield v Wakefield, 149 Pa. Superior Ct. 25 A. 2d 841."

However, the courts have also held that where the parties to a conveyance have manifested an intention to create a specific estate, the courts will give effect to it. Such was the situation in this present case. The intent manifested throughout the deed was that a joint tenancy be created. The intention was also clearly manifested that Louis P. Lehr and Kathryn Lehr, his wife, were to be one of the joint tenants and Harry G. Lehr was to be the other joint tenant.

The granting clause shows that there were two units to the joint tenancy; i.e., Louis P. Lehr and Kathryn Lehr, his wife, as one unit, and Harry G. Lehr as the other. This is shown by describing Kathryn Lehr as the wife of Louis P. Lehr and by separating their moiety from that of Harry G. Lehr by the addition of their residence.

Where a person is described as the wife of one of the parties to a conveyance, the presumption is that a tenancy by the entireties has been created.

In Heatter v. Lucas, 367 Pa. 296, the court held that a conveyance to "Joseph Lucas and Matilda Lucas,

his wife, and Francis Lucas," conveyed a one-half interest to Joseph Lucas as a tenant in common and a one-half interest to Joseph Lucas and Matilda Lucas, his wife, as tenants by the entireties. The court, at page 302, said:

"In the instant case the two grantees *are* in fact husband and wife and the designation 'his wife' sufficiently imports an intention that they shall take as such. Further the conjunction 'and,' first used, is unnecessary if the parties were intended to take undivided one-third parts; the use of the word 'and' separated the grantees into two units (1) Francis and (2) Joseph and Matilda."

Therefore, it is the opinion of this court that the conveyance to Louis P. Lehr and Kathryn Lehr, his wife, and Harry G. Lehr, vested in Louis P. Lehr and Kathryn Lehr, his wife, a one-half interest in the property as tenants by the entireties and as a joint tenant with the one-half interest of Harry G. Lehr. Since at all times the interest of Louis P. Lehr in the real estate was held as a tenant by the entirety with his wife, Kathryn Lehr, the lien of the judgment did not attach to the property at any time.

### Order of Court

And now, to wit, June 22, 1954, pursuant to the plaintiff's petition for a declaratory judgment, it is hereby ordered, adjudged, and decreed that (a) the deed dated June 28, 1941, from Agnes D. McStay, grantor, to Louis P. Lehr and Kathryn Lehr, his wife, and Harry G. Lehr, grantees, vested in Louis P. Lehr and Kathryn Lehr, his wife, a one-half interest as tenants by the entireties and as a joint tenant with the one-half interest of Harry G. Lehr; (b) by reason of this ownership, the lien of the judgment in favor of plaintiff, Alex Wally, did not attach to this real estate and, (c) by reason of the ownership of the de-

726

scribed premises, the lien of Alex Wally did not subsequently attach as against the terre tenants, Grace Elizabeth Lehr Howenstein, Helen Jean Lehr Grace, and Blanche Kathryn Lehr Baxter.