**KERIN v. PALUMBO et al.**

No. 4857.

Circuit Court of Appeals, Third Circuit.

July 11, 1932.

Lisle D. McCall, of Dubois, Pa., and A. E. Kountz, C. A. Fry, and Kountz & Fry, all of Pittsburgh, Pa., for appellant.

Sebastian C. Pugliese and C. J. Margiotti, both of Punxsutawney, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

On and prior to July 2, 1930, Roy Palumbo and Mary Rose Palumbo, his wife, were seized as tenants by the entireties of the Pennsylvania real estate here involved. By virtue of that title, such real estate was, as held in Beihl v. Martin, 236 Pa. 519, 84 A. 953, 954, 42 L. R. A. (N. S.) 555, exempt "from the ordinary legal process to which all other estates are subject." So far as the record before us shows, there were no judgments against the husband, nor did he owe any debts. On that day, July 2, 1930, Palumbo and his wife, for a nominal consideration, joined in a deed of the property to Anne Schrot, which was duly recorded the next day. This deed, joined in by both tenants by the entireties, vested the title in fee in the grantee, Anne Schrot, who by deed of the same date, for a nominal consideration, conveyed it to Mary Rose Palumbo. This deed was also recorded on July 3, 1930, and the two deeds were notice to all that the title in fee to such lands was in the latter. On February 15, 1931, Mary Rose Palumbo died testate, having made a will by which she devised the property to her minor daughter, Anne Palumbo, who is the present possessor and owner thereof.

Subsequent to July 2, 1930, Roy Palumbo and his brother, Antonio J. Palumbo, formed a copartnership, and thereafter incurred such indebtedness that the said partnership and the two men individually were adjudged bankrupts, and P. A. Kerin was duly elected trustee, and said trustee, by the present bill in equity in the court below, sought to set aside the conveyances above recited. The court below, on hearing, dismissed Kerin's bill by decree, which provided that "the right of alienation of husband and wife in an estate by the entireties is absolute, without any right of interference on the part of creditors of either party to said estate." Whereupon the trustee took this appeal.

Now the rights of a trustee in bankruptcy are measured by the rights of a judgment creditor at the date the petition in bankruptcy was filed. At that date both husband and wife were living. Could a judgment creditor then have taken in execution the land held by the bankrupt and his wife by entireties? In that respect the law of Pennsylvania and of the federal courts in that state is clear that he cannot. Without discussing them, we refer to Beihl v. Martin, 236 Pa. 519, 84 A. 953, 42 L. R. A. (N. S.) 555; Fleek v. Zillhaver, 117 Pa. 213, 12 A. 420; United States v. Provident Trust Co. (C. C. A.) 35 F.(2d) 339; Getty v. A. Hupfel's Sons (D. C.) 292 F. 178, and A. Hupfel's Sons v. Getty (C. C. A.) 299 F. 939, as justifying us in affirming the decree below.