**In re Joseph V. BARSOTTI, Debtor.**

**Bankruptcy No. 80–35.**

United States Bankruptcy Court,
W. D. Pennsylvania.

Nov. 14, 1980.

---

Hillard Kreimer, Pittsburgh, Pa., for the Committee.

Donald R. Calaiaro, Pittsburgh, Pa., for debtor–in–possession.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

### I. FINDINGS OF FACT

The facts in this case are not in dispute. On January 10, 1980 Joseph V. Barsotti filed a voluntary petition under Chapter 7, pursuant to § 301. The debtor's wife, Marilyn T. Barsotti, did not join in the debtor's petition. On January 15, 1980 this Court appointed Hillard Kreimer, Esq. as trustee. The First Meeting of Creditors was held on February 29, 1980. The trustee filed a Report of Exempt Property on May 14, 1980; on May 23, 1980 the debtor's attorney filed an Objection to the Report.

Under Schedule B–1, Real Property, the debtor listed property located at 615 Excelsior Street in the City of Pittsburgh, Allegheny County, Pennsylvania as exempt under 11 U.S.C.A. § 522(b)(2)(B). This property was listed with a market value of $20,000.00 and consisted of a two–story dwelling held by Joseph and Marilyn Barsotti as tenants by the entireties.

Similarly, under Schedule B–2, Personal Property, the debtor listed a 1975 Jeep Wagoneer with a market value of $2,500.00, also held by Joseph and Marilyn Barsotti as tenants by the entireties. Further, under Schedule B–2 the debtor listed household goods with a market value of $400.00 and wearing apparel and other personal possessions with a market value of $200.00.

On Schedule B–4, Property Claimed as Exempt, the debtor claims the following: "Property described in B–1 and owned as Tenants by the Entireties with the Debtor's wife—Not part of the estate under Pennsylvania Law" and "Household Goods owned with wife as Tenants by the Entireties." On both of these properties the debtor claims no value. The debtor also claims as exempt "Equity in the 1975 Jeep Wago-

neer of $300.00." (This appears to be in error and may require amending).

The debtor in his brief argues that pursuant to 11 U.S.C.A. § 522(b)(2)(B) he is entitled to exempt both the real property and the automobile from the creditor's claims, since this property is held as tenants by the entireties. Contrarily, trustee claims that pursuant to 11 U.S.C.A. § 541(a) and §§ 363(b), (f), (h), and (i) he is entrusted, despite § 522(b)(2)(B), with the power to sell both real and personal property as part of the debtor's estate.

### II. DISCUSSION

The issues raised by this controversy are:

1. Does a debtor holding property as a tenant by the entirety, under Pennsylvania law, have an interest which would become "property of the estate" under 11 U.S.C. § 541(a) when only one spouse is in bankruptcy?

2. If this interest is property of the estate, can it be exempted under 11 U.S.C. § 522(b)(2)(B)?

3. If the entireties property is exemptible under § 522(b)(2)(B), must the debtor in Pennsylvania affirmatively "exempt" this property or is it immune from bankruptcy proceedings automatically without any affirmative act?

Under § 541(a) of the Code the commencement of a bankruptcy proceeding under §§ 301, 302 or 303 creates an "estate". This estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

What constitutes property within the interpretation of § 541(a)(1) of the Code is clearly a federal question. H.R.8200, H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 367–8 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787; Report of the Committee on the Judiciary, United States Senate, To Accompany S.2266, S.Rep. No. 95–989, 95th Cong., 2d Sess. 82–3 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787; 4 *Collier on Bankruptcy*, para. 541.02 at 541–12

(15th ed. 1979). Thus the determination of whether a debtor's ownership interest in entireties property is legal or equitable under § 541(a)(1) is also a federal question. However, since federal law does not define entireties property, a debtor's interest in entireties property is defined under non-bankruptcy law. Report of the Commission on Bankruptcy Laws of the United States; H.R.Doc. 93–137, 93rd Cong., 1st Sess. Pt. I at 194 (1973); 4 *Collier on Bankruptcy*, para. 541.02 at 541–10 (15th ed. 1979). Resolution of whether and to what extent a debtor holds an interest in entireties property and whether this interest becomes part of the debtor's estate requires a review of Pennsylvania law dealing with tenancy by the entireties.

The ownership of property by husband and wife at common law in Pennsylvania was considered as ownership by one legal entity, despite the fact that this legal entity was composed of two natural persons. In *Stuckey v. Keefe's Executors*, 26 Pa. 397 (1856), the Pennsylvania Supreme Court described the creation and nature of tenancy by the entireties property as follows:

> A conveyance to husband and wife creates neither a tenancy in common nor a joint tenancy. The estate of joint tenants is a unit made up of *divisible parts*; that of husband and wife is also a unit; but it is made up of *indivisible parts.* In the first case there are several holders of different moieties or portions, and upon the death of either, the survivor takes a new estate. He acquires by survivorship the moiety of his deceased co–tenant. In the last case, although there are two *natural* persons, they are but one person in *law*, and upon the death of either, the survivor takes no new estate. It is a mere change in the properties of the legal person holding and not an alteration in the estate holden.

At common law, husband and wife were unable to take an estate by moieties (half–interests), but together took a single interest in the entire estate. *Gasner v. Pierce*, 286 Pa. 529, 134 A. 494 (1926), and *Meyer's Estate*, 232 Pa. 95, 81 A. 147 (1911). In Pennsylvania, the legal concept of "oneness" of husband and wife was so strictly adhered to that there remains today a presumption that husbands and wives take property as tenants by the entireties unless there is clear and convincing evidence to the contrary. *Holmes Estate*, 414 Pa. 403, 406, 200 A.2d 745, 747 (1964); *Hoover v. Potter*, 42 Pa.Super. 21 (1910); *Shapiro v. Shapiro*, 424 Pa. 120, 129, 224 A.2d 164, 169 (1966).

The "single entity" concept of tenancy by the entireties that both husband and wife hold the undivided whole of the property, is not extinguished even by the death of one spouse. *Stuckey v. Keefe's Executors, supra.* When either spouse dies, the tenancy by the entirety continues, although it now is composed of only one natural person. *CIT Corporation v. Flint*, 333 Pa. 350, 5 A.2d 126, 128 (1939). Therefore, husband and wife do not only hold an interest in the undivided whole but also an "expectant" interest as the surviving spouse or an indestructible right of survivorship. *Wylie v. Zimmer*, 98 F.Supp. 298 (E.D.Pa. 1951). The surviving spouse, by virtue of this right of survivorship, does not take any new estate; instead, the survivor's interest in the entirety now embraces every interest in the estate. This concept also applies to personal property.

The rights of husband and wife to property held as tenants by the entireties, whether real or personal, are the same. See *McEwen's Estate*, 348 Pa. 23, 33 A.2d 14 (1943); *Sloan's Estate*, 254 Pa. 346, 98 A. 966 (1916); *Bramberry's Estate*, 156 Pa. 628, 27 A. 405 (1893). Neither tenant of the entirety property may compel partition nor sever the entirety property by a unilateral conveyance. *Sterrett v. Sterrett*, 401 Pa. 583, 166 A.2d 1 (1960); *Shoup v. Shoup*, 469 Pa. 165, 364 A.2d 1319 (1976). Under the same reasoning, entireties property is not subject to lien or execution by a creditor of either spouse alone so long as both are alive. *Gasner v. Pierce, supra*; *Beihl v. Martin*, 236 Pa. 519, 84 A. 953, 954 (1912); *McCurdy v. Canning*, 64 Pa. 39 (1870).

In Pennsylvania there is one exception to the non–partitionability of entireties property; that is in the case of divorce. Divorce of a husband and wife causes property which they held as tenants by the entireties prior to divorce to become property held as tenants in common. Act of April 28, 1978 P.L. 202, 68 P.S. § 501. Thereafter, each holds a one–half share in its value and either party may bring a suit to have the property sold and the proceeds divided.

In the absence of divorce, Pennsylvania courts have rigidly protected the integrity of entireties property against partition, execution and sale, and bankruptcy proceedings. Thus, properties held as tenants by the entireties, where only one spouse was in bankruptcy, was held in *Beihl v. Martin*, *supra*, exempt "from the ordinary legal process to which all other estates are subject." The court went on to hold:

> It is this striking peculiarity of the estate—the entirety alike in husband and wife—that operates to exempt it from execution and sale at the suit of a creditor of either separately. The enforcement of such process would be the taking of the property of one to pay the debt of another.

Similarly, in *Kerin v. Palumbo*, 60 F.2d 480 (3rd Cir. 1932), husband/debtor, holding property as tenant by the entirety with his non–debtor wife, was held by the Court of Appeals for the Third Circuit to be free from an execution in bankruptcy. Specifically, the court said:

> Now the rights of a trustee in bankruptcy are measured by the rights of a judgment creditor at the date the petition in bankruptcy was filed. At that date both husband and wife were living. Could a judgment creditor then have taken in execution the land held by the bankrupt and his wife by entireties? In that respect the law of Pennsylvania and of the federal courts in that state is clear that he cannot.

This reasoning was followed in *Wylie v. Zimmer*, 98 F.Supp. 298 (E.D.Pa.1951) where the district court found that in Pennsylvania a judgment creditor could only have a potential claim to the debtor–spouse's contingent expectancy to survive and become the sole owner of the property. Craig, *An Analysis of Estates by the Entirety in Bankruptcy*, 48 Am.Bank.L.J. 255, 256 (1974). However, while both spouses were alive the entireties property was immune from a judgment creditor execution or attachment. [Similarly, under 42 Pa.C. S.A. §§ 8123, 8124, the Pennsylvania exemption statutes, July 9, 1976, P.L. 586, No. 142 as amended April 28, 1978, P.L. 202, No. 53, "immunity" from attachment or execution also applies to the property of a judgment debtor to the value of $300.00 (§ 8123) and to personal property such as: 1. Wearing apparel; 2. Bibles and school books; 3. Sewing machine owned by private family or seamstress; 4. Uniforms, *et seq.* (§ 8124).]

█ The law in Pennsylvania is clear and without dispute that entireties property is immune from process from: partition, levy, execution and sale or, in bankruptcy, where only one spouse is a debtor. Formerly, property held by the entirety does not pass to the trustee when only one spouse filed bankruptcy. Ladner, *Conveyancing in Pennsylvania*, § 108 at 312 (1979), *Kerin v. Palumbo*, 60 F.2d 480 (3rd Cir. 1932). Only that property which might have been levied upon and sold under judicial process or which the bankrupt alone could have transferred becomes property of the estate. Creditors of one spouse could reach no more through the bankruptcy court than without its aid. *Swope v. Turner*, 193 Pa.Super. 217, 163 A.2d 714 (1960). [Entireties Property: The Effects of Bankruptcy on Creditor's Rights, 28 Pitt.L.Rev. 267, 272–273 (1966).]

The legislative intent behind the enactment of § 541(a)(1) of the Code is evident from the Congressional hearings in which Senator DeConcini and Representative Don Edwards stated:

> The addition of this provision by the House amendment merely clarifies that Section 541(a) is an all–embracing definition ... However, only the debtor's interest in such property becomes property of the estate.

124 Cong.Rec. S.17403, S.17413 (daily ed. Oct. 6, 1978) (Remarks of Senator Dennis DeConcini); 124 Cong.Rec. H.11047, H.11096 (daily ed. Sept. 28, 1978) (Remarks of Representative Don Edwards). In the Senate Report of the Judicial Committee accompanying S.2266, the Committee said: "[t]he scope of this paragraph is broad ... it includes all kinds of property" in which the debtor has an interest. Senate Report, S.Rep. 95–989 at p. 82, U.S.Code Cong. & Admin.News 1978, p. 5868.

The Senate bill, S.2266, differs from the House bill, H.R. 8200, only in that the former makes no mention whatsoever of the tenancy by the entireties problem. However, under the Bankruptcy Commission Report [The Bankruptcy Commission was created by Congress in 1970 to "study, analyze, evaluate and recommend changes" in bankruptcy laws. Appendix 2, *Collier on Bankruptcy* at vii (15th ed. 1979)], all property in which the debtor had an interest as of the date of the filing of the petition should be considered property of the estate. This included the undivided interest of a spouse who is a debtor holding entireties property. Bankruptcy Commission Report § 4–601(a)(1).

Based on the House and Senate Judiciary Committee Reports, House and Senate Floor Statements, and the Bankruptcy Commission Report, the intent of § 541(a)(1) is that the estate includes all property of the debtor including tenants by the entireties property.

Section 541(a) states in pertinent part:

§ 541 Property of the estate.

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

■ Therefore, under § 541(a)(1) all legal or equitable interests of the debtor are property of the estate. This is true in spite of the fact that the interest is only equitable such as an expectancy or right of survivorship as in tenancy by the entireties. Yet, even if it were argued that entireties property was not includable under § 541(a)(1), § 541(a)(2) includes in the debtor's estate "all interests of the debtor and the debtor's spouse in community property ... (A) under the sole, equal or joint management and control of the debtor." Since husband and wife manage and control tenancy by the entireties property as a "sole" natural person, *Shoup v. Shoup, supra, Gasner v. Pierce, supra, Stuckey v. Keefe's Executors, supra*, it is clear that entireties property is included as property of the debtor's estate.

Under the Bankruptcy Code of 1978 in contrast to the prior Act the debtor is given an election under § 522(b) to exempt property under either the allowable state exemptions, § 522(b)(2)(B) or the new federal exemptions, § 522(d).

Section 522(b) states:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date

of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

■ At first glance it would seem that the reasoning of § 541, and particularly § 541(a), including entireties property as "property of the estate," is inapplicable for purposes of exemption under § 522(b) since the first part of § 522(b) states "Notwithstanding Section 541." However, on closer inspection, the sentence continues: "An individual debtor may exempt from property of the estate. . . ." By initially declaring § 541 (the section which determines what is property of the estate) inapplicable, then going on to state that what is to be exempted "is" property of the estate is at the very least confusing. Therefore, a more consistent statutory construction of this section is required.

The word "notwithstanding" as defined in *The American Heritage Dictionary of the English Language*, 898 (New College Ed. 1976) is variously defined as "without prevention or obstruction from or by; in spite of; although." By defining the application of § 522(b) Congress intended to allow the debtor in electing his exemptions not to be obstructed by § 541. Therefore, for the purposes of exemption under § 522(b) the determination of what is property of the debtor's estate under § 541 may be disregarded.

On the other hand, we are confronted with determining what effect the use of the words "property of the estate" have in the remaining portion of the first sentence of § 522(b).

Since it is obvious that the drafters did not intend for this sentence to be contradictory, and thereby "revive" the applicability of § 541, this phrase must be understood in its plain meaning. Thus the words "property of the estate" do not refer back to § 541 but simply mean property owned by the debtor when he became a bankrupt.

Therefore, for the purpose of exemption under § 522(b), § 541 may be disregarded and does not bind the debtor from making his election of state or federal exemptions.

Under the election of state exemptions, § 522(b), the debtor may retain that property which either was: 1) explicitly allowed under Pennsylvania Exemptions, or 2) property immune from process under Pennsylvania law.

First, the relevant Pennsylvania exemption statutes, 42 Pa.C.S.A. § 8123—General Monetary Exemption and § 8124—Exemption of Particular Property, follow:

§ 8123. General monetary exemption

(a) General rule—In addition to any other property specifically exempted by this subchapter, property of the judgment debtor to the value of $300, including bank notes, money, securities, real property, judgments or other indebtedness due the judgment debtor, shall be exempt from attachment or execution on a judgment. Within such time as may be prescribed by general rules the judgment debtor may claim the exemption in kind and may designate the specific items of property to which the exemption provided by this section shall be applicable, unless the designated property is not capable of appropriate division, or the judgment debtor may claim the exemption in cash out of the proceeds of the sale.

(b) Exception—Subsection (a) shall not apply to any judgment:

(1) For support.

(2) Debtor who is not an individual.

(3) Obtained for board for four weeks or less.

(4) For $100 or less obtained for wages for manual labor.

(5) Obtained in foreclosing a mortgage secured upon real property whether the judgment is by an action in mortgage foreclosure or an action on a note, bond or other evidence of indebtedness accompanying a mortgage. The excep-

tion to the general monetary exemption provided for in this paragraph shall be limited to the real property secured by the mortgage. The exception shall not apply to any deficiency judgment.

(c) Reduction—The amount of the exemption specified in subsection (a) shall, as to executions issued by the minor judiciary, be reduced by the value of any real or personal property of the judgment debtor which is generally subject to attachment or levy and sale upon execution but which by law is not subject thereto upon executions issued by the minor judiciary.

§ 8124. Exemption of particular property

(a) Goods—The following personal property of the judgment debtor shall be exempt from attachment or execution on a judgment:

(1) Wearing apparel.

(2) Bibles and school books.

(3) Sewing machines belonging to seamstresses or used and owned by private families, but not including sewing machines kept for sale or hire.

(4) Uniforms and accoutrements as provided by 51 Pa.C.S. § 4103 (relating to exemption of uniforms and equipment).

(b) Retirement funds and accounts—The following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment:

(1) Certain amounts payable under the Public School Employees' Retirement Code as provided by 24 Pa.C.S. § 8533 (relating to taxation, attachment and assignment of funds).

(2) Certain amounts payable under the State Employees' Retirement Code as provided by 71 Pa.C.S. § 5953 (relating to taxation, attachment and assignment of funds).

(3) The retirement allowance provided for in the act of May 24, 1893 (P.L. 129, No. 82).

(4) Compensation or pension provided for in the act of May 20, 1915 (P.L. 566, No. 242).

(5) Compensation or pension provided for in the act of May 28, 1915 (P.L. 596, No. 259).

(6) The retirement allowance, contributions and returned contributions under the act of February 1, 1974 (P.L. 34, No. 15), known as the "Pennsylvania Municipal Retirement Law."

(7) Any pension or annuity, whether by way of a gratuity or otherwise, granted or paid by any private corporation or employer to a retired employee under a plan or contract which provides that the pension or annuity shall not be assignable.

(8) Any retirement or annuity fund of any self-employed person (to the extent of payments thereto made while solvent, but not exceeding the amount actually excluded or deducted as retirement funding for Federal income tax purposes) and the appreciation thereon, the income therefrom and the benefits or annuity payable thereunder.

In the present case, the debtor, Joseph V. Barsotti, claimed as exempt on Schedule B–2, Personal Property: books, pictures, stamps, coins and other objects with a market value of $400.00 and wearing apparel, jewelry, firearms, sports equipment and other personal possessions with a market value of $200.00.

■ Under Pennsylvania Exemption 42 Pa.C.S.A. § 8123(a) "property of the judgment debtor to the value of $300.00 including bank notes, money, securities, real property, judgments or other indebtedness due the judgment debtor, shall be exempt from attachment or execution on a judgment." Thus the debtor here is entitled to exempt $300.00 of any personal property of his choosing but he is also entitled to exempt under § 8124(a)(1) any: 1) Wearing apparel; 2) Bibles and school books; 3) Sewing machines, etc. However, in view of the fact that the debtor's claim of $400.00 exceeds the $300.00 exemption under § 8123(a) he should be limited to that amount. In the event that the $400.00 includes "books"

which are exemptible under § 8124(a)(2), an exact determination as to the value of such books, when made, may be includable in addition to the $300.00 exemption.

Similarly, under § 8124(a)(1) the exemption of wearing apparel is permitted and the debtor's claim of $200.00 of such assets is well within the reasonable value of clothing one would retain, and therefore such exemption is permitted.

Secondly, the debtor claims as exempt under Schedule B–2 a 1975 Jeep Wagoneer held as tenants by the entireties with a market value of $2,500.00. Similarly, under Schedule B–1, Real Property, the debtor claims property located at 615 Excelsior Street, Pittsburgh, Pennsylvania, also held as tenants by the entireties with a market value of $20,000.00.

Although the Pennsylvania Exemptions do not provide for exemption of entireties property, there is no question as to the exemptibility by debtor–spouse of such property, whether real or personal, under Pennsylvania law. *Beihl v. Martin, supra; Kerin v. Palumbo, supra; Wylie v. Zimmer, supra.*

Therefore, Pennsylvania law provides both protection of certain limited property by statutory exemption (42 Pa.C.S.A. §§ 8123, 8124) and immunity from process for entireties property when only one spouse is a debtor. *Swope v. Turner*, 193 Pa.Super. 217, 163 A.2d 714 (1960); *Kerin v. Palumbo, supra; Gasner v. Pierce, supra; Beihl v. Martin, supra; McCurdy v. Canning, supra.*

Consequently, the election of Pennsylvania exemptions under § 522(b) of the Code is the only affirmative act necessary for the debtor to exempt entireties property from bankruptcy, based on the fact that in Pennsylvania tenancy by the entireties is immune from process; including the execution and attachment inherent in a trustee's acquisition of such property.

This protection of immunity from process, afforded the debtor–spouse holding property as tenant by the entirety, under Pennsylvania law, will allow the debtor in this case to retain both the real property and the 1975 Jeep Wagoneer held as tenants by the entireties with his wife.

### III. CONCLUSION

In conclusion, this court finds that under § 522(b) of the new Bankruptcy Code and under Pennsylvania law, entireties property held by a debtor–spouse in bankruptcy is exempt by being immune from process. Therefore, debtor's entire interest in entireties property is exempt to the extent it is immune from execution under state law.

An appropriate Order will be entered.