**Carole J. McCORMICK, Plaintiff,**

v.

**MID–STATE BANK & TRUST COMPANY, Defendant.**

Civ. A. No. 82–666.

United States District Court,
W. D. Pennsylvania.

July 30, 1982.

James H. English, Altoona, Pa., for plaintiff.

Terrence E. Tomassetti, Altoona, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

This appeal from a decision of the bankruptcy court, 18 B.R. 911, raises an apparent question of first impression under Pennsylvania law: whether a tenant by the entireties takes a new interest when the entireties estate is conveyed to her. For the reasons set forth below, this Court answers this question in the affirmative and affirms the decision of the bankruptcy court.

The facts have been stipulated on appeal. Carole J. and Daniel F. McCormick acquired a residence as tenants by the entireties in 1976. Mid-State Bank and Trust Company (Mid-State) entered two judgments against the McCormicks in 1978 thereby creating judicial liens on the McCormick residence. The McCormicks experienced marital difficulties in 1980 and entered into a property settlement under which the residence was conveyed to Carole McCormick by deed dated November 28, 1980. Carole McCormick filed a bankruptcy petition in July of 1981 and the McCormicks were divorced the following month.

In the bankruptcy proceeding Carole McCormick claimed the equity in the residence, i.e., the difference between the fair market value and a non-avoidable mortgage, exempt under 11 U.S.C. § 522(d)(1). She requested the bankruptcy court avoid Mid-State's liens under 11 U.S.C. § 522(f)(1) claiming they impaired this exemption. This request was denied and this appeal followed.

11 U.S.C. § 522(f) provides, in pertinent part:

> ... the debtor may avoid the fixing of a lien on an interest inproperty to the extent that such a lien impairs an exemption to which the debtor would have been entitled ... if such lien is—(1) a judicial lien...

The bankruptcy court held section 522(f) required the debtor to have a property interest before the lien attached in order for the debtor to avoid the lien. This aspect of the decision is not challenged on appeal; however, the application of this requirement to the facts in this case is challenged.

Carole McCormick first contends she acquired an ownership interest in the residence before Mid-State's liens attached. Specifically, she contends she acquired an interest in the residence as a tenant by the entireties in 1976, that Mid-State's liens attached in 1978, and that her ownership interest remained unchanged by the conveyance of the residence to her in 1980. In the alternative, she contends she acquired an ownership interest in one-half the residence in 1976 which remained unchanged by the 1980 conveyance of her husband's one-half interest. Therefore she contends one-half of her present interest preceded Mid-State's liens and one-half the amount represented by the liens may be avoided.

Mid-State first contends Carole McCormick took a new interest when she acquired the sole ownership of the residence in 1980, which new interest was subject to its pre-existing liens. Mid-State contrasts this new interest to the unchanged interest of a surviving tenant by the entireties. In the alternative, Mid-State contends that only one-half the amount represented by the liens may be avoided. Mid-State reaches

this result by suggesting, somewhat inartfully, the Court either (1) disregard the 1980 conveyance and protect only one-half the property for the bankrupt or (2) deem the residence held by the McCormicks as tenants in common so that one-half of Carole McCormick's present interest preceded its liens and remained unchanged.

Because the arguments of both parties in the alternative reach the same result, avoidance of one-half the amount represented by Mid-State's liens, they tempt the Court as possible middle grounds of decision and will be addressed first. As noted, Carole McCormick contended she had an interest in one-half of the residence which preceded Mid-State's liens and remained unchanged by her acquisition of her husband's one-half interest. This contention is based on the erroneous assumption that Carole McCormick's interest as a tenant by the entireties reached one-half the residence and her husband's interest as a tenant by the entireties reached one-half the residence. Under Pennsylvania law, a tenancy by the entireties is an estate "per tout et non per my"; that is, each spouse is seized of the whole of the property and not of any share, divisible part or interest thereof. 18 P.L.E. Husband & Wife § 6 (1959). Thus, Carole McCormick's assumption miscontrues the essence of a tenancy by the *entireties* : each tenant is seized of the *entire* estate. Also, neither ground advanced by Mid-State will allow Carole McCormick to avoid one-half the amount represented by its liens. As noted, Mid-State suggested the Court disregard the 1980 conveyance and allow Carole McCormick to exempt one-half the residence. Mid-State cites no authority or evidence in support of this contention and the Court finds it without merit. As noted, Mid-State also suggested the Court deem the residence held by the McCormicks as tenants in common so that one-half of Carole McCormick's present interest preceded its liens and remained unchanged. It is unclear why the estate by the entireties should be deemed an estate in common, but apparently the divorce of the McCormicks provides the reason. It is also unclear when Mid-State contends the estate by the entireties became one in common: since Mid-State argues Carole McCormick's interest preceded its liens, the estate by the entireties apparently became one in common at some time before the liens attached, more than three years before the McCormicks were divorced. This contention is also without merit.

Since neither the alternative argument of Carole McCormick nor the alternative arguments of Mid-State provide a basis for a middle ground of decision, the Court next addresses the issue framed by the primary contentions of the parties. As noted, Carole McCormick contended her interest in the residence preceded Mid-State's liens and remained unchanged by the 1980 conveyance; Mid-State contended Carole McCormick acquired a new interest subject to its liens. The issue is which came first: Carole McCormick's interest or Mid-State's liens? Resolution of this issue depends on the nature of the interest a tenant by the entireties takes when the entireties estate is conveyed to her.

*Cowan v. Cowan (In re Scott)*, 12 B.R. 613 (Bkrtcy.W.D.Okl.1981) is factually similar to the case at bar. In *Scott* property held by husband and wife as joint tenants was conveyed to the wife pursuant to a divorce property settlement. The settlement also gave the husband a lien on the property to secure certain payments to be made by the wife. The wife subsequently filed for bankruptcy and sought to avoid the lien claiming it impaired her exemption. The court first considered whether the lien had fixed on an interest of the debtor in property and concluded the property was conveyed subject to the lien. Although this finding necessarily represented an interpretation of Oklahoma property law, examination of the nature of an estate by the entireties under Pennsylvania law suggests the same result should follow in the case at bar.

Under Pennsylvania law, an estate by the entireties is *sui generis, U. S. v. 246 Acres of Land,* 78 F.Supp. 377, 379

(W.D.Pa.1948). It is the ownership of a single interest in the entire estate by one legal entity composed of two natural persons. *In re Barsotti*, 7 B.R. 205, 208 (Bkrtcy.W.D.Pa.1980). When either spouse dies the tenancy by the entirety continues although it is now composed of one natural person. *Id.* Considering the nature of an estate by the entireties, this Court concludes Carole McCormick's interest as a sole owner of the residence under the 1980 conveyance is different in kind from her prior interest in the residence as a tenant by the entireties. Since Carole McCormick took a new interest under the 1980 conveyance, she stood in no better position than a third party purchaser of an estate from tenants by the entireties and took such interest subject to Mid-State's liens. Since Carole McCormick took a new interest subject to Mid-State's liens, the liens did not encumber her new interest and may not be avoided.

For all of the foregoing reasons, the decision of the bankruptcy court will be affirmed. The foregoing shall constitute findings of fact and conclusions of law under Fed.R.Civ.P. 52(a). An appropriate order shall issue.