**In re Robert E. TURNER, Jr.
Individually and d/b/a Bob
Turner's Printing, Debtor.**

**Bankruptcy No. 87–154E.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 19, 1988.

Richard W. Roeder, Titusville, Pa., trustee pro se.

William Pineo, Meadville, Pa., for debtor.

## OPINION ON TRUSTEE'S OBJECTIONS TO CLAIMED EXEMPTIONS

WARREN W. BENTZ, Bankruptcy Judge.

The trustee has filed objections to the exemptions claimed by the debtor. The only matters of substance in the trustee's objections are that there are or may be outstanding joint obligations of the debtor and his spouse which are unsecured.

The debtor has claimed as exempt his interest in his dwelling owned with his spouse as tenants by the entireties. Debtor has also claimed that the household goods are owned with his spouse as tenants by the entireties. Debtor has elected his "state law" exemptions. Debtor must be allowed the claimed exemptions subject to the following.

■ To the extent that any creditor of both husband and wife has a lien against entireties' property, such creditor is not impaired by the bankruptcy proceeding; such creditor may proceed in due course against entireties' property subject to the lien.

■ Also, a creditor of the husband-debtor alone may not advance his position and obtain payment out of entireties' property, unless the debtor elects "federal law" exemptions, thus permitting the trustee to sell entireties' property.

■ The creditor whose rights may be adversely affected by the grant of a bankruptcy discharge to the husband only is the creditor who has an unsecured claim against both husband and wife; this is for the reason that when the husband-debtor obtains his discharge, then the creditor with a claim against both husband and wife cannot thereafter obtain a joint judgment against both and therefore is deprived of collection upon a claim which would otherwise be a valid and collectible claim against entireties' property. Two alternative remedies exist to prevent prejudice to such a creditor. One is to permit the trustee to

collect from entireties' assets sufficient property to pay each creditor who has an unsecured claim against both husband-debtor and the non-debtor spouse, and the costs of administration. The second alternative is to stay the discharge until creditors with claims against both spouses effect collection of such claims. See *In re Cotterman*, 67 B.R. 788 (Bankr.W.D.Pa. 1986) and *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985).

■ For the above reasons, the debtor will be ordered to file an affidavit setting forth the names and addresses of his creditors at the time of the filing of the within petition, upon whose claims debtor's spouse was also at that time liable. The debtor's discharge will be stayed meanwhile.