**In re Ellen J. BALBER, Debtor.**

**Lawrence N. RAVICK, Trustee, Plaintiff,**

**v.**

**Ellen J. BALBER, Defendant.**

**Bankruptcy No. 88–1883 PGH. Adv. No. 88–542.**

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 22, 1990.

Robert H. Lang, Pittsburgh, Pa., for defendant-debtor.

Lawrence N. Ravick, Pittsburgh, Pa., trustee.

## OPINION AND ORDER

WARREN W. BENTZ, Bankruptcy Judge.

### Background

The facts of the case are not in dispute. On November 4, 1986, Leland J. Balber ("Mr. Balber") filed a petition under Chapter 7 of Title 11 of the United States Bankruptcy Code at Case No. 86–2841. Mr. Balber sought permission to employ the "state exemptions" in his petition and, accordingly, exempt any interest he had in entireties property. Mr. Balber listed real estate located at 159 Washington Street, Pittsburgh, Pennsylvania as an asset (his residence) owned as entireties property with his wife, and claimed the residence as exempt. No creditor, nor the trustee made any objection to Mr. Balber's claim of exemption. The § 341 meeting took place on December 17, 1986 and, no objections to the exemption having been filed within thirty (30) days from the conclusion of that meeting, the exemption was granted pursuant

to Bankruptcy Rule 4003. Subsequently, Mr. Balber attended his discharge hearing.

On July 14, 1988, Ellen Balber, Mr. Balber's wife, filed a petition under Chapter 7 of the United States Bankruptcy Code at Case No. 88–1883. Mrs. Balber lists as an asset the same property at 159 Washington Street, Pittsburgh, Pennsylvania as an asset. Mrs. Balber also sought to employ the "state exemptions" and exempt this property as entireties property.

One day after the filing of Mrs. Balber's bankruptcy, she and Mr. Balber sold the property at 159 Washington Street for the sum of $176,000.00 and received as net proceeds from the sale, the sum of $58,-464.95.

The trustee filed a Complaint Objecting to Discharge of Mrs. Balber and also to reopen the case of Mr. Balber.

### Issues

1) Should the discharge of Mrs. Balber be denied pursuant to 11 U.S.C. § 727(a)(2) by virtue of the fact that she transferred property of the estate without court approval and prior to any exemptions being approved?

2) Where a husband debtor claims the state exemptions in his residence, and subsequent to his discharge, his spouse files a separate bankruptcy and claims the state exemptions in the same residence, should her discharge be denied since property of the estate would no longer be available for the payment of joint debts incurred with her former debtor husband?

3) Can the trustee revoke or object to Mr. Balber's discharge?

### Discussion

■ A debtor may elect state exemptions under § 522(b). 11 U.S.C.A. § 522(b). There is no question as to the exemptability of entireties property under Pennsylvania law. *Beihl v. Martin*, 236 Pa. 519, 84 A. 953 (1912), *Kerin v. Palumbo*, 60 F.2d 480 (3rd Cir.1932), *In re Barsotti*, 7 B.R. 205 (Bankr.W.D.Pa.1980). However, where entireties property is subject to the joint debts of husband and wife, it is not immune from process and the property may be reached. *Napotnik v. Equibank and*

*Parkvale Sav. Ass'n.*, 679 F.2d 316 (3rd Cir.1982).

■ A trustee may not reach entireties property as to a debt against only the filing spouse, but may reach entireties property as to a debt against both the filing spouse and the nonfiling spouse. *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985), *In re Turner*, 81 B.R. 387 (Bank.W.D.Pa. 1988).

In a recent case, decided by this court, we held that the remedies for preventing prejudice to a creditor who has a claim against both the husband, who has filed for bankruptcy, and wife, who has not, are to permit the trustee to collect entireties' assets sufficient to pay each creditor who has an unsecured claim against both the husband-debtor and non-debtor wife, and the costs of administration, or to stay discharge until creditors with claims against both spouses effect collection of such claims. *Turner* at 388–89. Also, see *In re Cotterman*, 67 B.R. 788 (Bankr.W.D.Pa. 1986) and *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985).

■ The trustee in Mr. Balber's case took neither course of action. There were no objections to Mr. Balber's claimed exemptions. The exemptions were approved and Mr. Balber was granted his discharge. The length of time which has passed and the change in position of the parties in reliance on Mr. Balber's discharge precludes the reopening of his case or the allowance of an objection to his discharge.

■ Although the entireties interest of the Balbers in their residence would have been non-exempt property to the extent of their joint obligations upon the filing of the petition by Mr. Balber, the situation is completely different after Mr. Balber was granted his discharge. Upon the granting of Mr. Balber's discharge and the approval of his exemptions, 11 U.S.C.A. § 524 acts to prevent any creditor from reaching an interest in entireties property.

Mrs. Balber is entitled to claim the entireties property exempt under Pennsylvania law. The trustee may not reach the property in the absence of joint obligations.

The trustee argues that if the Balbers had filed a joint petition and claimed the

"federal exemption," a substantial amount of non-exempt property would have existed for distribution. We note this inequity. However, the records in these cases indicate that the debtors disclosed all of their assets and their pre- and post-petition financial transactions. There is no intent to fraud, hinder or delay creditors.

The trustee should have objected at the time Mr. Balber claimed his exemptions. At that time, the trustee could have sold the residence or stayed the discharge. Having failed to do so, the joint debt was discharged and the length of time elapsed prevents reopening that case. Mrs. Balber is entitled to claim the residence as exempt.

 The post-petition sale of the property by the Balbers must be viewed in this light. Since the property was exempt, the Balbers were entitled to the proceeds of the sale. Although the sale was procedurally wrong, the Balbers have gained no more than they are entitled to. Discharge will not be denied as there has been no harm to the estate by this action.

Mrs. Balber's request to have her case dismissed will be granted by separate order.